# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
Jun 26, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>v.<br><br>TANG JUAN<br><br>*Defendant(s)* | Case No. 2:20-mj-0096 DB<br><br>**SEALED** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 28, 2019__ in the county of __YOLO__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Fraud and Misuse of Visas, Permits and Other Documents |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Steven Dilland
*Complainant's signature*

Special Agent Steven G. Dilland
*Printed name and title*

Sworn to me and signed telephonically.

Date: 06/26/2020

City and state: Sacramento, CA

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Steven G. Dilland, having been duly sworn, do hereby state the following:

## Agent's Background and Experience

1. I make this affidavit in support of a criminal complaint charging TANG JUAN ("TANG") with the crime of visa fraud, in violation of Title 18, United States Code, Section 1546(a).

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 1546.

3. I have been employed as a Special Agent of the FBI since February 2008 and am currently assigned to the Sacramento Division. In my capacity as a Special Agent, I have received training in, and my duties include the investigation of, violations of federal criminal law, including matters related to individuals acting as agents of a foreign government and counterintelligence-related offenses.

4. The facts set forth in this affidavit are based upon the following: (1) my own investigation; (2) information obtained from other law enforcement agencies; (3) my review of documents and records related to this investigation; (4) oral and written communications with others who have personal knowledge of the events and circumstances described herein; (4) review of public information, including information available on the Internet; and (4) my experience and background as a Special Agent of the FBI.

5. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that violations of U.S. law occurred. Also, where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, and figures and calculations set forth in this affidavit are approximate, unless otherwise noted.

## Summary and Applicable Law

6. Based on the FBI's investigation, there is probable cause to believe that TANG JUAN (TANG), a researcher at U.C. Davis, violated Title 18, United States Code, Section 1546(a), when she possessed a visa that was procured using statements that she knew were false and then entered the United States using the visa.

7. Title 18, United States Code, 1546(a), Fraud and Misuse of Visas, Permits and Other Documents, provides, in pertinent part:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the

United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained;

Shall be fined under this title or imprisoned not more than 25 years (if the offense was committed to facilitate an act of international terrorism (as defined in section 2331 of this title)), 20 years (if the offense was committed to facilitate a drug trafficking crime (as defined in section 929(a) of this title)), 10 years (in the case of the first or second such offense, if the offense was not committed to facilitate such an act of international terrorism or a drug trafficking crime), or 15 years (in the case of any other offense), or both.

**Statement of Probable Cause**

8. Based upon the information below, my training and experience, and the training and experience of agents and investigators involved in this investigation, I believe that there is probable cause to believe that TANG committed the crime of visa fraud in violation of Title 18, United States Code, Section 1546(a), when she possessed a visa in the Eastern District of California that was obtained through fraud, specifically, by making false statements on the visa application.

9. TANG applied for a United States Non-Immigrant Visa ("NIV") on or about October 28, 2019. TANG was issued a J-1 visa on or about November 5, 2019. Department of State records reflect that TANG intended to conduct research at the University of California, Davis ("UCD"), studying cancer treatment methods. According to the Department of State website, a J-1 visa is a non-immigrant document "for individuals approved to participate in work-and study-based exchange visitor programs." On or about December 27, 2019, TANG entered the United States through San Francisco International Airport.

10. On her NIV application, under the Additional Work/Education/Training section, TANG answered "NO" to the question of, "Have you ever served in the military?" Additionally, under the Security and Background section, TANG answered "NO" to the question of, "Are you a member of or affiliated with the Communist or other totalitarian party?" The final question on the NIV application asks "did anyone assist you in filling out this application?" TANG answered "NO" to this question.

11. FBI Sacramento's investigation revealed the following information indicating that there is probable cause to believe TANG'S statement regarding military service is false:

   a. An internet search of TANG Juan revealed one article, found at http://www.qihuanghealthcare.com/live/detail/380, published on or about 04/14/2019, that described a forum hosted in the city of Xi'an, China. TANG was listed as one of four experts invited to the forum. TANG was further introduced in the article, wearing what appeared to be a military uniform, and listing her employment as an associate researcher at Air Force Military Medical University, Molecular Medicine Translation Center, according to an online translation tool. A description of an insignia matching her uniform picture was found online. The insignia represents Civilian Cadres of the Chinese People's Liberation Army. Given my training and experience, I know that the People's Liberation

AFFIDAVIT                                2

Army is a general term describing the People's Republic of China military forces. To describe China's Air Force, one would say People's Liberation Army Air Force or PLAAF. According to the Ministry of National Defense of the People's Republic of China website, found at http://www.mod.gov.cn/policy/2009-07/14/content_3100988.htm Civilian Cadres of the Chinese People's Liberation Army are active military personnel who have been appointed to junior professional technical positions or clerical ranks and above. Based upon my training and experience, this description is consistent with my understanding of the PLA's military structure. According to this description, TANG is considered an active military personnel.

b. A photo of TANG in a military uniform from the article is attached below. Based upon my training and experience, the uniform she is wearing is consistent with the PLAAF.



c. An open source search of "TANG Juan" revealed several articles. One article, found at https://www.medmeeting.org/home/program/8317?uid=645256, named 2019 Chinese Conference on Oncology, listed TANG as a speaker at the conference. The article further indicated that TANG's work unit was the Air Force Military Medical University. Another article, found at http://news.sciencenet.cn/htmlnes/2019/7/428011.shtm, published on or about 07/02/2019, listed TANG Juan, age 37, as a nominee; her profession was listed as Basic Medicine (Cell Biology), and her work unit was listed as China People's Liberation Air Force Military Medical University Molecular Medicine Translation Center. The search also revealed a pdf document with a Chinese government seal from the Shaanxi Province Science and Technology Office, which was dated from 2016 and listed TANG Juan as among 100 Youth New Star selected for Shaanxi Province Advanced Talent Plan. TANG's work unit was listed as the Fourth Military Medical University.

d. On TANG's NIV application, she listed her email address as tangjuan1@fmmu.edu.cn. Internet searches resolved the domain fmmu.edu.cn to AFMMU/FMMU.

  e. In addition to the foregoing, TANG listed her Chinese work telephone number as 02983293906 in her NIV application. According to FBI database records, the work number 02983293906 was also listed as the work number for CHEN Zhinan (zchen@fmmu.edu.cn), Director of National Translation Scientific Center of Molecule Medicine and Director of Cell Engineering Research Center and Department of Cell Biology at AFMMU/FMMU.

  12. On June 20, 2020, FBI agents interviewed TANG at her residence. During the interview and prior to the execution of the search warrant, TANG admitted to personally preparing and submitting the NIV. When questioned about military service, TANG denied serving in the Chinese military and adamantly denied being a member of the civilian cadre. TANG claimed that wearing a military uniform was required for attendance at FMMU because it was a military school. TANG further stated that she didn't know the meaning of the insignia on the PLAAF uniform and claimed that the majority of students at FMMU had the same insignia and ribbons. Upon completion of the interview, FBI agents served a search warrant at TANG's residence, 920 Cranbrook Court, Apartment 9, Davis, California 95616 and seized electronic media, and her Chinese passport. Agents found TANG's J-1 visa within her Chinese passport

  13. On June 25, 2020, during a review of electronic media seized from TANG's residence, agents discovered another photograph of TANG, bearing a 2016 creation date, in a different PLA military uniform. This photograph depicted a name tag with TANG's name. The insignia on the jacket collar and epaulets appears identical to that depicted in TANG's PLAAF photo above. The ribbons located on the left side of TANG's uniform also appear identical to those depicted in the PLAAF photo. This photo is attached below appears to be the same person that FBI agents interviewed on June 20, 2020 and depicted in the PLAAF uniform photo above.



  14. Agent's also found evidence of TANG's affiliation with the Chinese Communist Party. This consisted of an application to apply for government benefits in which TANG listed her political status as a communist party member.

  15. On June 25, 2020, your affiant contacted Special Agent Scott Patterson, Diplomatic Security Service, U.S. Department of State. Your affiant inquired whether providing false information

AFFIDAVIT    4

on an NIV application would impact the State Department's decision to issue a visa. SA Patterson was provided the following question and answer from TANG's NIV application: Have you ever served in the military? NO.

16. SA Patterson advised he attended the Department of State Consular Officer training. Patterson stated if an applicant answers affirmatively to the first question, "have you ever served in the military," from certain countries, for example China, it would cause a consular official to apply additional scrutiny. An affirmative answer would trigger additional administrative processing on the adjudication of the application. The applicant would not be issued a visa until the Department of State completed additional processing to ensure the applicant is eligible.

17. According to SA Patterson, political affiliation is not material to NIV adjudication. However, your affiant believes that TANG's false statement related to her Chinese communist party membership, is further evidence that she intended to obfuscate any fact that she thought might negatively impact the issuance of a J-1 visa.

18. In summary, the FBI's investigation has revealed that TANG JUAN is employed by AFMMU/FMMU, which is part of the Chinese People's Liberation Army (PLA) Air Force. According to information obtained from the Chinese Ministry of Defense's website and based on photos of her in uniform as well as other information cited above, it appears that TANG is part of a civilian cadre whose members are considered active duty military personnel. Based on this and the foregoing information, there is probable cause to believe TANG knowingly omitted her affiliation with the PLAAF on her visa application and possessed that visa in the Eastern District of California, in violation of 18 U.S.C. § 1546(a).

///

///

///

///

///

///

///

///

///

///

///

///

AFFIDAVIT                            5

### Request for Sealing

19. Because this investigation is continuing, disclosure of the Complaint, this affidavit, and/or this application will jeopardize the progress of the investigation. Disclosure of the Complaint at this time would seriously jeopardize the investigation; as such, a disclosure would give the target an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution. Accordingly, I request that the Court issue an order that the Complaint and this affidavit in support of application for the Complaint, be filed under seal until further order of this Court.

/s/ Steven Dilland
_____
Steven G. Dilland
Special Agent
Federal Bureau of Investigation

Subscribed and sworn telephonically to me this 26th day of June 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

_____
Heiko P. Coppola
Assistant United States Attorney

AFFIDAVIT                                6