HEATHER E. WILLIAMS, #122664
Federal Defender
ALEXANDRA NEGIN, #2500376
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 "I" Street, 3rd Floor
Sacramento, CA 95814
916-498-5700
Lexi_negin@fd.org

Attorney for Defendant
JUAN TANG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 20-MJ-96-DB |
|---|---|
| Plaintiff, | ) |
| | ) DEFENDANT'S REPLY TO |
| v. | ) GOVERNMENT MEMORANDUM IN |
| | ) SUPPORT OF CONTINUED DETENTION |
| JUAN TANG, | ) |
| | ) Date:  July 31, 2020 |
| Defendant. | ) Time:  2:00 p.m. |
| | ) Judge: The Honorable Deborah Barnes |

Dr. Juan Tang, by and through undersigned counsel, respectfully replies to the government's Memorandum in Support of Continued Detention and continues to request release on conditions.

The government's narrative is one that assumes guilt and that facts have been litigated and proven. The government's case has not been proven. The government has made allegations and Dr. Tang is presumed to be innocent.

The weight of the evidence is a factor the Court can consider and in this case the evidence is weak despite the government's continued recitation of what it believes is shown via internet websites. The government's reliance on the internet to establish facts is a dangerous precedent and the Court should still view the weight of the evidence based upon "military looking" uniforms and web pages being translated from Mandarin to English as weak.

Reply to Government Memorandum

The government's attempt to characterize Dr. Tang seeking help from her consulate after the FBI seized her passport as flight is illegitimately villainizing a person's right to seek help from their consulate. Our own State Department advises that in an emergency an American traveling overseas should contact their embassy. See, https://travel.state.gov/content/travel/en/international-travel/emergencies.html. Any American abroad whose passport was lost, stolen, or even taken by law enforcement would wisely go to their embassy or consulate in that country for help. It is the right of a foreign national visiting our country to seek assistance or even shelter at their embassy or consulate. It is one of the very reasons they exist. There is nothing nefarious about Dr. Tang going to her consulate for help. Given that she had given up her apartment, and had no identification, it was not unreasonable for her to stay in the consulate.

The government's baseless accusation that the Chinese consulate can and will assist Dr. Tang in leaving the country if she is released by this court is belied by the fact that they: 1) did NOT get her out of the country at a time when it would have been lawful for her leave; 2) did NOT get her out of the country after the existence of a warrant was known when arguably there was more incentive for the PRC to assist her in leaving the country; and 3) did not keep her on consulate property at a time when they knew she would be arrested if she was off consulate property.

The government's attempt to connect Dr. Tang to defendants in other cases is not supported by evidence presented to date. It amounts to anti-Chinese political propaganda and nothing more. The government presents no evidence that Dr. Tang is acting with the other defendants cited in their memorandum or that she received any of the same information alleged in the other cases. Using other defendant's cases to suggest Dr. Tang is a risk of flight is against the dictates of the Bail Reform Act which requires this Court to make an individualized assessment of the factors in Dr. Tang's case, not other defendants in other cases.

The government is wrong in stating that Dr. Tang does not have a specific residence. Dr. Tang does have housing that will be verified by Pretrial Services. Due to the media attention in

the case, and given the anti-Chinese climate being cultivated by the federal government, counsel proposes that the location not be made public.

The allegations consist of providing false information on a visa application. While the government seems to attempt to make this case out to be more, they have not come forward with any evidence to demonstrate that it is anything more. Dr. Tang's guidelines after conviction at trial are zero to six months.

The Court must fashion conditions of release to assure the reappearance of Dr. Tang at future Court proceedings.

Dated: July 30, 2020                          Respectfully submitted,

                                                     HEATHER E. WILLIAMS
                                                     Federal Public Defender

                                                     */s/ Lexi Negin*
                                                     LEXI NEGIN
                                                     Attorney for Defendant
                                                     Juan Tang