Malcolm Segal, SBN 075481
Emily E. Doringer, SBN 208727
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com

Thomas A. Johnson, SBN 119203
Kristy M. Horton, SBN 271250
**Law Office of Thomas A. Johnson**
400 Capitol Mall, Suite 2560
Sacramento, CA 95814
Telephone: (916) 442-4022
taj@tomjohnsonlaw.com

Patrick Wong, SBN 241740
**Patrick Wong, Esq.**
145 El Camino Real
Menlo Park, CA 94025-5234
Telephone: (650) 391-5366
Facsimile: (650) 352-3562
patrick@wong.law

Attorneys for Defendant
JUAN TANG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANG JUAN,<br>aka Juan Tang,<br><br>Defendant. | Case No: 2:20-CR-00134 JAM<br><br>**MOTION FOR PROTECTIVE ORDER AUTHORIZING REDACTED DOCUMENT FILINGS** |

## I.    Procedural Background

On August 28, 2020, following a hearing of the defense's renewed Motion for Pretrial Release, the Court ordered the defendant's release on specified conditions, including the condition that the defendant be released to the supervision of a Third-Party Custodian.  DKT #37.  The government requested that the court inform the Custodian that the release documents would be filed publicly.  Consistent with the prior sealing order, the defense asked that the identifying information on the Appearance Bond and Third-Party Custodian document (attached to the Notice to Defendant Being Released) be redacted. The Court then ordered additional filings concerning a defense request to protect the Custodian's identifying information contained in the release documents.

The original unredacted Notice to Defendant Being Released with attached Third Party Custodian information and the original unredacted Appearance Bond both contain the names and residential address information pertaining to the Third-Party Custodian and his spouse.  Pursuant to Local Rule 140(b) and 141.1(b)(1) and to Rule 49.1(e) of the Federal Rules of Criminal Procedure, the defense moves for a Protective Order directing the redaction of the Notice to Defendant Being Released with attached Third-Party Custodian information and the Appearance Bond to be filed with the Court in connection with the release order.  The defense also requests that the Court include an order that the parties to this action not disclose or disseminate in any manner the personal identifying information concerning the Custodian's name and address.

The documents in question, with proposed redactions, are attached as Exh. 1.  A copy of the original documents, as well as a Reference Lists pursuant to Rule 49.1(g) and Local Rule 140(c)-(d) are filed separately under seal.

///
///
///

## II.     Argument

The redaction and sealing of information in criminal cases is common when it serves a judicial purpose or to protect the privacy interests of a party. For example, in the instant case, as in all other cases in the District, the Pretrial Services Report is not a public document. Similarly, Presentence Reports, which contain personal and private information about the defendant and others associates with the defendant, are not public documents and are always sealed, as are financial affidavits under the Criminal Justice Act. The government often seeks the same level of privacy when it serves its interests. Motions or letters for downward sentencing departures under Section 5K1.1 are sealed to protect the defendant and the government's interest in gaining cooperation in criminal investigations, and to encourage the cooperation and possible testimony of defendants who are fearful of co-defendants but choose to assist the government. Indeed, in many cases (and likely this one) the government requires or moves for a stipulated Protective Order before providing discovery to assure that discovery will not be made public and that it will be redacted before it is submitted in support of any public filings.

District Courts across the United States make a practice of keeping Pretrial Reports and Presentence reports private and confidential. This is based in part on the need to obtain accurate information used to assess flight in the former instance and an accurate basis for sentencing in the latter. In every instance where accurate information is needed by the Court, the defendant is permitted to provide facts and information without fear of reprisal or public disclosure and the Pretrial Services or Probation Officer is permitted to gather information and assistance from others without them having to suffer adverse consequences from public disclosure. The need for such information in such instances outweighs the desire for public availability.

///

The Court here had a need to determine whether the proposed Third-Party Custodian could and would appropriately execute his assigned role and whether the security he was willing to post had the required value and was owned by him and his spouse.  To initially assess the proposed Custodian, the Court questioned the Custodian and permitted the parties to do so.  The court inquired whether the Custodian understood that his primary residence would be lost if the defendant did not appear and, after learning more about the proposed property which would serve a security, determined to require that the bulk of the equity in that property be posted as security.  And the Court did even more.  It inquired about why the Custodian was willing to risk loss of the property and what the Custodian understood about the facts of the case. That was a full and complete vetting of the proposed Custodian and of the security on the public record, and not conducted in private.  Any public interest in knowing that information was vindicated.   But the Court did not stop its inquiry at that point, it conducted a second hearing a day later to confirm the Custodian's willingness to serve and post his residence as security.  The government did not challenge the Custodian's integrity or capacity to serve as a Custodian or the value or interest in the proposed security.

The only information for which redaction on the record is now sought are the Custodian's name and address.  The Court knows this information, the United States Attorney and the Federal Bureau of Investigation know the information, and the Pretrial Service Officer not only knows it but has had the independent ability to question the Custodian before and after the hearing, and to verify the information he received. The only possible outcome of requiring that the Custodian's name and address be placed in the public file would be to create the possibility that the Custodian, out of fear for his peace and or that of his family, might decline the role.

///

No one can reasonably dispute that anyone assisting in this case and serving as the defendant's Custodian will be immediately cast, by those who do not know better, as a pawn of China, thereby eviscerating the ability of this and future defendants charged with a manifestly publicly unpopular offense to call on the community to assist them in gaining release from custody on suitable conditions of release. Today it is the fact that the defendant is a Chinese citizen accused of visa fraud, tomorrow it is someone accused of another of the panoply of federal crimes.

The need to redact information about the identity and residential address of the Third-Party Custodian and his spouse in order to protect them and assist the Custodian in maintaining the security of the defendant, is manifest. This Court has already recognized that need and the sensitivity of such information by permitting the sealing of his declaration in support of the Defendant's Renewed Motion for Release, without objection by the government. DKT #28.

**A.     The Requested Protective Order is Limited in Nature.**

The defense requests a Protective Order directing that the filed release documents be redacted to remove information concerning the Third-Party Custodian's identity, his spouse's identity, and their personal residential address (including the City of residence). <u>Existing law already calls for the redaction of residential address information in criminal cases</u>. Fed. R. Crim. Pro. 49.1(a)(5). The federal and local rules also permit a party to seek a protective order authorizing additional redactions beyond those already explicitly called for. Fed. R. Crim. Pro. 49.1(e); Local Rule 140(b).

The present request is for an order permitting the additional redaction of only the Custodian's City of residence, as well as his name and his spouse's name. The request is in line with the Custodian's own fundamental right to privacy, and to the privacy rights of his family. While there is no federal common law privilege regarding the right to privacy, "federal courts ordinarily recognize a

constitutionally based right of privacy that can be raised" by parties seeking to protect personal information. *Estate of Jacobo v. L.A. Cty.*, 2010 U.S. Dist. LEXIS 152002, n. 2 (CD CA 2010). Given existing rules applicable to criminal matters, the present request is very narrow in terms of the additional information that is to be protected.

With the ordered restrictions on the defendant's release, the government's only argument at the hearing opposing a sealing or protective order concerning the Third-Party Custodian is that some, albeit unspecified, information is ordinarily placed in the publicly available records of the Court. No reason was provided as to the value to anyone of that information and the government pointed to no rule which would be offended by altering the procedure to assure the safety and privacy of the Custodian and his family.

**B.    There is No Compelling Public Interest Against the Proposed Protective Order.**

While the requested redactions are limited in nature, there is no substantial countervailing public interest in disclosure. The information sought to be protected concerns a private individual acting as Third-Party Custodian. Only redaction of names and the full address is requested; the fact of the defendant's release, the conditions of release, and the existence of the Third-Party Custodian all remain part of the public record. The Custodian's personally identifying information is not the type of information that the public has a strong interest in, while on the other hand, the personally identifying information is the sort that could be misused.

Traditionally, protective orders are appropriate where the public filings might become a "vehicle for improper purposes," which could include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamanaka v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Here, the existence of extensive media coverage

makes clear that the Custodian's privacy interests are implicated if his residence became public record. Moreover, the increase in racially motivated hostility and violence create a realistic and substantial concern for personal safety. Such unwarranted intrusion into the Custodian's personal life would carry with it the possibility of a substantial risk to his and his family's personal safety and the safety of the defendant.

This problem was created, however well-meaning, by press releases by the Department of Justice. The Department has made a public display of cases in which Chinese citizens in the United States are accused of visa fraud, or the manner in which they have acted while in this country. None of those cases have been linked to this defendant, yet the government chose to cite three of them in its original opposition to the Defendant's release. The narrative that the defendant is involved in something other than the instant charges is belied by the charges themselves and the fact that the government did not offer more in response to the Court's inquiries. That narrative, however, has undeniably created a risk of harm to the Custodian and his family and the government should not benefit by prevailing in its opposition to the defendant's release by arguing that a general practice of including the Custodian's name and address in the public record is somehow sacrosanct.

In *Kamanaka*, the Court emphasized that certain court records are subject to a more compelling public right of access than others, noting that dispositive motions in particular reside "at the heart of the interest in ensuring 'the public's understanding of the judicial process and of significant public events.'" *Kamanaka*, 447 F.3d at 1179. On the other hand, there exist "'good reasons to distinguish between dispositive and non-dispositive motions.'" *Kamanaka*, 447 F.3d at 1179. "Specifically, the public has less of a need for access to court records attached only to nob-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'"

Motion for Protective Order

*Kamanaka*, 447 F.3d at 1179.  The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamanaka*, 447 F.3d at 1179.  Here, the proposed Protective Order does not concern records or information relating to a dispositive motion.  Rather, the proposed Order is limited to name and address information contained on the Court's forms.

The redactions sought here are a simply a modest extension of those mandated by Rule 49.1. They serve the purpose of the Bail Reform Act which permits the Court to fashion a condition or conditions of release which will enable it to release a defendant pending trial and is not in derogation of any condition it has already set. This Court has imposed very substantial conditions of release, identifying "the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the (defendant) as required and the safety of any other person and the community."  While the government opposed release, and still does, this Court has determined that detention is not required under circumstances where such an excellent Third-Party Custodian has stepped forward, one who is willing to secure the defendant's appearance with virtually all of the substantial equity in his and his wife's personal residence. The defendant will be monitored electronically and restricted to the residence unless the Pretrial Services Officer authorizes her movement---even to see her attorneys or for medical purposes.  She may not visit her consulate and must not communicate with it unless her attorney is on the phone, and she has no passport with which to travel. The United States Attorney's Office, the Federal Bureau of Investigation and the Court will know where she and the Custodian reside during the pendency of the case.

Even with the proposed Protective Order and redactions, the public record will still contain all relevant information concerning the defendant's release on conditions.  There is no need for the public to know the Custodian's address or

identity except to potentially harass and intimidate him and his family. While the government may argue that making the information available to the public will enable others to comment on his background and his appropriateness as a Custodian, or monitor him, such an argument has no force. Pretrial Services has reviewed the Custodian's credentials, as has the Federal Bureau of Investigation and found them to be suitable, or the Court would have been advised otherwise. To the extent the vetting of a Third-Party Custodian is necessary to the fair administration of justice, that process does not involve the public, and in any event, has already occurred in this case.

### III.   Conclusion

There is significantly more here to consider than a privacy argument and the Court has identified the issue. The government's argument may defeat the defendant's release. In this case, that means that the defendant may be incarcerated in the County Jail for far longer than the Sentencing Guidelines dictate, even were she to be convicted at trial or by plea. While the government was unable to offer a likely specific guideline sentence, the presumptive sentence would be most likely a term of six months or less, while pretrial detention without a trial could be measured in years because of the COVID-19 epidemic.

There is a public interest and a reason founded in our system of justice in protecting disclosure of the Third-Party Custodian's name and address, as well as that of his spouse. Where a dispositive matter is not at issue, the public's interest in information contained in court filings is limited; in this case, it is plainly outweighed by the need to protect individual privacy, secure the Custodian's safety and afford the defendant the opportunity for release as she prepares her defense. The requested Protective Order is narrow and reasonably related to the privacy interest at stake. Given the totality of the circumstances, the Court should issue a Protective Order directing the requested name and address redaction on the Notice to Defendant Being Released with attached Third Party Custodian

information, and on the Appearance Bond to be filed with the Court in connection with the Court's Release Order.

Dated: August 31, 2020        **SEGAL & ASSOCIATES, PC**

       By:    /s/ Malcolm Segal
               MALCOLM SEGAL
               EMILY E. DORINGER
               Counsel for Defendant

       **LAW OFFICE of THOMAS A. JOHNSON**

       By:    /s/ Thomas A. Johnson
               THOMAS A. JOHNSON
               Counsel for Defendant

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

```
FILED
_____, 2020
CLERK, US DSITRICT COURT
EASTERN DISTRICT OF
CALIFORNIA
```

UNITED STATES OF AMERICA,
               Plaintiff,

v.

TANG JUAN

               Defendant.

CASE NUMBER: 2:20-cr-00134-JAM

**NOTICE TO DEFENDANT
BEING RELEASED**

A. You are advised that you are being released pursuant to the "Bail Reform Act of 1984".

B. Conditions of Release
You are further advised that your release is subject to the following conditions in addition to any conditions contained in your Bond form:
1. That you shall appear on time at all proceedings as required and shall surrender for service of any sentence imposed as directed.
2. That you shall advise the court and your attorney prior to any change in address.
3. That you shall not commit any offense in violation of federal, state or local law while on release in this case.
4. Travel Restrictions:
5. Other Special Conditions:  (See Attached)

C. Advice of Penalties and Sanctions
You are further advised that:
1. It is a criminal offense under Title 18 U.S.C. §3146, if, after having been released, the defendant knowingly fails to appear as required by the conditions of release or to surrender for the service of sentence pursuant to a court order.  If the defendant was released in connection with a charge, or while awaiting sentence, surrender for the  service of a sentence, or appeal or certiorari after conviction, for -
    a. an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years or both;
    b. an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;
    c. any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years or both; or
    d. a misdemeanor, the defendant shall be fined not more than $2,000 or imprisoned not more than one year, or both.  If punishable by more than 6 months, the fine is not more than $100,000.
A term of imprisonment imposed for failure to appear or surrender shall be <u>consecutive</u> to the sentence of imprisonment for any other offense.  In addition, failure to appear may result in the forfeiture of any bail.

1

2. <u>Conviction of an Offense Committed While on Release</u>
   Conviction of an offense committed while on release carries the following sentences which are in addition to the sentence prescribed for the offense and which must be consecutive to any other sentence:
   a. Not more than 10 years if the offense is a felony.
   b. Not more than one year if the offense is a misdemeanor.
3. <u>Violation of Conditions of Release</u>
   Violation of any condition of your release may also result in arrest by a law enforcement officer and the immediate issuance of a warrant for your arrest, revocation of release and order of detention, and a prosecution for contempt which could result in a possible term of imprisonment and/or a fine.
4. <u>Obstruction of Justice Crimes</u>
   It is an additional crime to:
   a. Endeavor by force or threat to influence, intimidate or impede a juror, officer of the court, or the administration of justice (Title 18 U.S.C. §1503) Penalty: 5 years and/or $250,000.00
   b. Endeavor to obstruct, delay or prevent a criminal investigation (Title 18 U.S.C. §1510) Penalty: 5 years and/or $250,000.00.
   c. Tamper with a witness, victim or informant (Title 18 U.S.C. §1512) Penalty: 10 years and/or $250,000.00.
   d. Harass a witness, victim or informant (Title 18 U.S.C. §1512) Penalty: 1 year and/or $100,000.00
   e. Retaliate against a witness, victim or informant (Title 18 U.S.C. §1513) Penalty: 10 years and/or $250,000.00.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in the above-captioned case and that I am aware of and fully understand the above conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am also aware of and fully understand the penalties and sanctions set forth above for failure to appear, conviction of an offense committed while on release, violation of a condition of release, or any of the obstruction of justice crimes.

*Tony Juan*
_____
DEFENDANT'S SIGNATURE


(IF AN INTERPRETER IS USED)

I have translated the above conditions of release and Advice to Defendant and have been told by the defendant that he / she understands the conditions of release and advice.

_____
INTERPRETER SIGNATURE

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TANG JUAN,<br><br>　　　　　　Defendant. | No.　2:20-cr-00134-JAM<br><br>**THIRD PARTY CUSTODY** |

TANG JUAN, defendant herein, is placed in the custody of:

NAME: **CUSTODIAN NAME**

who agrees to supervise the defendant as to any restrictions on travel, association or place of abode and to use every effort to assure the appearance of the defendant at all scheduled hearings before any court of this District and to notify the Court immediately in the event the defendant violates any condition of release or disappears.

DATED: _Aug. 30, 2020_　　　　　　**CUSTODIAN SIGNATURE**
　　　　　　　　　　　　　　　　　　CUSTODIAN

DATED:_____　　　_____
　　　　　　　　　　　　　　　　　　CUSTODIAN

DATED:_____　　　_____
　　　　　　　　　　　　　　　　　　CUSTODIAN

I agree to this third party custody arrangement.

DATED: 8/29/2020　　　　　　　　_Tang Juan_
　　　　　　　　　　　　　　　　　　DEFENDANT

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>_____TANG JUAN_____<br>*Defendant* | )<br>)<br>) Case No.   2:20-cr-00134-JAM<br>)<br>) |

## APPEARANCE BOND (SEALED)

### Defendant's Agreement

I, _____TANG JUAN_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

    ( ☒ ) to appear for court proceedings;
    ( ☒ ) if convicted, to surrender to serve a sentence that the court may impose; or
    ( ☒ ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ☐ ) (1) This is a personal recognizance bond.

(   ) (2) This is an unsecured bond of $ _____ .

( X ) (3) This is a secured bond of $ ___750,000.00___ , secured by:

    ( ☐ ) (a) $ _____ , in cash deposited with the court.

    ( X ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property
        *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*:
        **CUSTODIAN ADDRESS**_____

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ( ☐ ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

_____
_____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

Page 2

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 08/29/2020

*Tany Juan*
Defendant's signature

**CUSTODIAN NAME**
Surety/property owner – printed name

**CUSTODIAN SIGNATURE** 8/30/2020
Surety/property owner – signature and date

**CUSTODIAN SPOUSE NAME** (Spouse)
Surety/property owner – printed name

**CUSTODIAN SPOUSE SIGNATURE** 8/30/2020
Surety/property owner – signature and date

_____
Surety/property owner – printed name

_____
Surety/property owner – signature and date