McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00134 JAM |
|---|---|
| Plaintiff, | APPLICATION FOR STAY OF MAGISTRATE JUDGE'S RELEASE ORDER PENDING HEARING ON THE GOVERNMENT'S MOTION FOR REVOCATION AND [PROPOSED] ORDER |
| v. | |
| TANG JUAN (a.k.a. Juan Tang), | |
| Defendant. | COURT: Hon. John A. Mendez |

    The United States of America, by and through the undersigned Assistant U.S. Attorney respectfully files this application for stay of U.S. Magistrate Judge Kendall J. Newman's order, setting conditions of release for the above-named defendant, pending the filing of and a hearing on the government's motion to revoke such orders. This Court is the only court that may consider the motion to revoke the release order of Magistrate Judge Newman. 18 U.S.C. § 3145(a).

    The defendant was charged in the two-count indictment with visa fraud in violation of 18 U.S.C. § 1546 and making false statements in violation of 18 U.S.C. § 1001. ECF 18. The Court ordered the defendant detained at her initial appearance following arrest on the criminal complaint and again following a hearing on July 31, 2020. ECF 6, 15.

    On August 27 and 28, 2020 the defendant appeared before Magistrate Judge Newman for argument on her second bail review motion. ECF 34, 37. The defendant, a citizen of the People's Republic of China, proposed that the Court release her to a third party custodian who she had never met

but who had heard of her case through various sources and volunteered his services.

Despite her having no ties to the local community or the proposed third party custodian, and her having fled to the Chinese consulate in San Francisco following her initial contact with the FBI where she resided for approximately a month prior to her arrest, Magistrate Judge Newman ordered the defendant released to the proposed third party custodian upon the posting of a $750,000 property bond secured by the equity in the third party custodian's primary residence among various other conditions. ECF 37. Magistrate Judge Newman denied the government's motion for a stay of the release order pending review by this Court. ECF 37. The defendant remains in custody pending final approval of documents related to the proposed bond, although the United States anticipates that she may be released in the coming days.

The government will be moving to revoke the release order pursuant to 18 U.S.C. § 3145. The basis for this motion will be that the defendant is a flight risk and no condition or combination of conditions are adequate to assure the defendant's appearance. This motion has not yet been filed nor is it set for hearing. Pursuant to Eastern District of California Local Rule 430.1(j), "an appeal from a final decision of the Magistrate Judge shall be served and filed within fourteen (14) days after service of the Magistrate Judge's decision…" *See also* Local Rule 303(b) and (c). To that extent, the United States' motion must be filed on or before September 11, 2020.

The government now moves to stay the order of Magistrate Judge Newman, pending this Court's disposition of a motion for revocation of release order.

This Court has the authority to authorize the stay. Pursuant to 18 U.S.C. § 3142(f), a defendant may be detained pending completion of the detention hearing. Congress expressly identified a clear public interest in permitting review of a magistrate's release order pursuant to Section 3145. Requiring release pending review by the district court would frustrate the very purpose of this review. *United States v. Huckabay*, 707 F. Supp. 35, 37 (D.Me. 1989). Subsection 3145(a) mandates a prompt review of the motion to revoke, thereby providing a reasonable safeguard against unduly extended detention during review.

As the *Huckabay* court explained, there is nothing in the statute or in its legislative history to suggest that Congress intended to deny the district court a reasonable opportunity to inform and exercise

its discretion, which necessarily contemplates a hearing and/or de novo consideration of the record presented before the magistrate. *Id*. at 37.

Section 3142(f) incorporates the important Congressional aim of assuring meaningful review of release orders, inasmuch as subsection 3142(f) permits detention "pending completion of the [detention] hearing," which reasonably includes a limited period for prompt review of the magistrate's release order under subsection 3145(a). *Id*.

The authority for staying the release order is also found within the provisions of 18 U.S.C. § 3142(d), which provides for temporary detention pending the revocation of an order for conditional release. *United States v. Geerts*, 629 F.Supp. 830, 831 (E.D.Pa. 1985).

The government respectfully requests that the Court now stay Magistrate Judge Newman's order of release pending this Court's final disposition of the motion for revocation of release order.

Dated:  September 1, 2020

McGREGOR W. SCOTT
United States Attorney

By:  /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney

O R D E R

Pursuant to 18 U.S.C. § 3145(a) and upon consideration of the government's application for a stay of U.S. Magistrate Judge Newman's release order of the above-named defendant,

IT IS HEREBY ORDERED THAT said release order be stayed pending final resolution in this Court of the government's appeal of the release order.

DATED:

_____
JOHN A. MENDEZ
United States District Judge