Malcolm Segal, SBN 075481
Emily E. Doringer, SBN 208727
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com

Thomas A. Johnson, SBN 119203
Kristy M. Horton, SBN 271250
**Law Office of Thomas A. Johnson**
400 Capitol Mall, Suite 2560
Sacramento, CA 95814
Telephone: (916) 442-4022
taj@tomjohnsonlaw.com

Patrick Wong, SBN 241740
**Patrick Wong, Esq.**
145 El Camino Real
Menlo Park, CA 94025-5234
Telephone: (650) 391-5366
Facsimile: (650) 352-3562
patrick@wong.law

Attorneys for Defendant
JUAN TANG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TANG JUAN,<br>aka Juan Tang,<br>        Defendant.<br>_____ | Case No. 2:20-CR-00134 JAM<br><br>**DEFENDANT'S OPPOSITION TO UNITED STATES' APPLICATION FOR STAY OF MAGISTRATE JUDGE'S RELEASE ORDER PENDING THE GOVERNMENT'S APPEAL**<br><br>Judge: Hon. John A. Mendez |

# I. Introduction

The government seeks a stay of Magistrate Judge Newman's Order releasing the defendant from detention subject to a combination of conditions, including, among others, the requirement of a Third-Party Custodian and posting of security in the amount of $750,000 in his and his spouse's residence. Judge Newman determined to release the defendant after briefing by the parties and two afternoons of hearings and denied a stay of his order subject to reconsideration if this Court needs more time to review the determination. Notwithstanding the extraordinary burden placed on this Court by the Covid-19 virus epidemic and the legislative failure to create much needed judgeships in this District, the Court advised the parties in open court at a status conference on September 1, 2020, that it has reviewed the briefs filed by the parties before Judge Newman and read the transcripts of the hearings. While the Court may not be ready to rule on an appeal the United States has yet to file, it most certainly is in an excellent position to anticipate its final determination and rule on the motion to stay. It should be denied.

# II. Argument

The government's request for a stay offers little more than a statement of the Court's authority to grant relief. There are no new facts and no substantial arguments that release of the defendant will cause irremediable harm. To the contrary, as the Court has already seen from its review of the record, the argument for immediate release is compelling. No one alleges that the defendant is a danger to the community. The government's sole contention is that as a foreign citizen, albeit one without a passport, the defendant is a flight risk. The argument that this accomplished scientist is a flight risk is not grounded on anything she said or expressly manifested – she did not flee to the border or hide under another name – but rather on conduct which is at best ambiguous.

After the Federal Bureau of Investigation seized her passport, laptop, and phone, but she was not arrested, Dr. Tang went to her country's consulate and chose to stay

Defendant's Opposition to United States' Application for Stay of Release Order Pending Appeal

there while she tried to understand what had occurred. Within hours of learning from consulate personnel that they were informed of an arrest warrant issued for her, she voluntarily left the consulate expecting to be arrested. She stopped only for a medical consultation before the FBI took her into custody. Her daughter left for China the day after she was interviewed by the FBI, on a flight which had been reserved months earlier. Her mother, who was originally scheduled to leave along with her daughter, stayed on and left after she was arrested. Finally, the government contends that at various times—-all prior to the visit by the FBI—-materials were deleted from her computer, but not completely, and many were likely readily recoverable from the computer's recycle storage. It is worth noting that her initial conduct was consistent with a person feeling distressed after a law enforcement contact in a foreign country and was exactly what the United States State Department tells our citizens to do under like circumstances.

      Judge Newman showed concern about those facts but was ultimately convinced that placing her in the hands of a Third-Party Custodian, an attorney with outstanding credentials, who was willing to post the substantial equity in his primary residence and permit Dr. Tang to live there with him and his spouse, who work from and stay at home, provided the combination of conditions which support release. But even then, Judge Newman ordered additional terms. The defendant is to be electronically monitored, cannot visit her consulate and can only talk to them with one of her attorneys on the phone, cannot leave the Third-Party Custodian's residence for any reason without the express permission of Pretrial Services and must fulfill other conditions of release, including a two week quarantine in the home because of potential exposure to the Covid-19 virus at the jail.

      The government was given two opportunities to challenge the facts underlying the release determination and to question the Third-Party Custodian or otherwise challenge his integrity. It was afforded a full opportunity to argue its position, present additional facts, or offer other conditions of release.

-3-
Defendant's Opposition to United States' Application for Stay of Release Order Pending Appeal

Judge Newman, in making his determination, raised and appreciated the significant concern that, if the defendant is convicted, the sentence for the crimes with which she is charged, visa fraud and false statement concerning the same issue to the FBI, will likely result in a guideline sentence of six months or less, yet while awaiting a jury trial she may be incarcerated for more than a year. The government speculated about the possibility of a longer guideline sentence but offered nothing concrete, nor did it indicate that the government expected other charges might be filed. Such charges are unlikely because the government has had sufficient time to review the materials seized from the defendant and investigate her conduct. Judge Newman gave the government another day to examine the proposed Third-Party Custodian, present additional evidence or otherwise challenge the defendant's release from detention, but the government presented nothing further at the second hearing.

The government now offers no new facts, but cites two District Court decisions from other districts in support of its stay request. However, both are clearly distinguishable and do not support its request for a stay. In *United States v. Huckabay*, the court considered a motion for revocation and ultimately ruled in favor of detention in a case involving a cocaine distribution conspiracy, a crime subject to the statutory presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community… ." *United States v. Huckabay*, 707 F. Supp. 35, 38 (DC ME 1989); 18 USC §3142(e)-(f).

Similarly, in *United States v. Geerts*, in the context of a motion to revoke, the defendant was charged with a scheme involving falsifying customs import documents, for which the potential punishment included a sentence of imprisonment for 50 years. *United States v. Geerts*, 629 F. Supp. 830, 831 (ED PA 1985). The defendant, from The Netherlands, lacked a surety, had no security for a bond and did not have a Third-Party Custodian. *Id*. at 831-832.

The facts underlying Magistrate Judge Newman's determination, individualized as it must be, stand in sharp contrast to those cases. Judge Newman carefully considered

the evidence and arguments, himself tested the willingness of the Third-Party Custodian to serve in that capacity and his understanding of the risk he was taking as a surety, and then fashioned an extensive combination of conditions which will assure the defendant's presence at all further proceedings in the case.

### III. Conclusion

Under circumstances where the government has not offered proof or even argument that the defendant will flee or that she even has the means or the ability to do so, the denial of a stay of the release order will not prejudice its position. Moreover, if the government were to find substantial new evidence of flight risk, and none exists, it may of course seek to have release revoked.

The stay should be denied, and the defendant should be released.

Dated: September 2, 2020　　　　　　**SEGAL & ASSOCIATES, PC**


By:　/s/ Malcolm Segal_____
　　　MALCOLM SEGAL
　　　EMILY E. DORINGER
　　　Counsel for Defendant

**LAW OFFICE of THOMAS A. JOHNSON**


By:　/s/ Thomas A. Johnson_____
　　　THOMAS A. JOHNSON
　　　Counsel for Defendant