MCGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANG JUAN (a.k.a. Juan Tang),<br><br>Defendant. | CASE NO. 2:20-CR-00134 JAM<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST TO FILE DOCUMENTS UNDER SEAL (ECF 42) AND MOTION FOR PROTECTIVE ORDER AUTHORIZING REDACTED DOCUMENT FILINGS (ECF 43)<br><br>DATE: September 3, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Kendall J. Newman |

## I.     **INTRODUCTION**

On August 31, 2020, defendant Tang Juan ("Tang") filed a notice of request to seal and a motion for protective order authorizing redacted document filings. ECF 42, 43. Tang urges the Court to keep the identity and address of the third party custodian/surety and his wife under seal in traditionally publically-filed bond documentation. Because Tang provides no compelling reasons or good cause for maintaining the identity and address of the third party custodian/surety and his wife under seal in bond documents, the Court should deny Tang's motions.

## II.     **PROCEDURAL HISTORY**

The defendant was charged in the two-count indictment with visa fraud in violation of 18 U.S.C. § 1546 and making false statements in violation of 18 U.S.C. § 1001. ECF 18. The Court ordered the defendant detained at her initial appearance following arrest on the criminal complaint and again

following a hearing on July 31, 2020. ECF 6, 15.

On August 27 and 28, 2020 the defendant appeared before the Court for argument on her second bail review motion. ECF 34, 37. The defendant, a citizen of the People's Republic of China, proposed that the Court release her to a third party custodian who she had never met but who had heard of her case through various sources and volunteered his services. The third party custodian's identity, address, and other private information was presented to the Court in a sealed declaration attached to Tang's second bail review motion. ECF 27. The United States did not initially object to the filing of the third party custodian's declaration under seal. Although the third party custodian addressed and was questioned by the Court on the public record, he was referred to by pseudonym in compliance with the Court's previous sealing order.

Over the government's objection, and despite her having no ties to the local community or to the proposed third party custodian, and her having fled to the Chinese consulate in San Francisco following her initial contact with the FBI where she resided for approximately a month prior to her arrest, the Court ordered the defendant released to the proposed third party custodian upon the posting of a $750,000 property bond secured by the equity in the third party custodian's primary residence among various other conditions. ECF 37. The Court ordered further briefing in response to the government's oral motion at the second bail review hearing that the third party custodian's identity and address be publically available on all bond documents file with the Court.

### III. ARGUMENT

#### A. Law

Federal Rule of Criminal Procedure 49.1(a) provides limitations and guidance as to the filing of certain personally identifiable information in criminal cases. Significantly, Rule 49.1 does not provide a blanket redaction rule for adult names and provides that home addresses may be redacted to reflect only the city and state. The Court's local rules further provide for the sealing of documents "only by written order of the court upon the showing required by applicable law." E.D. Cal. L.R. 141(a). The Court's local rules require the redaction of certain personal identifying information, including the names of minors, dates of birth, financial information, social security numbers, and home addresses, but allow the Court to authorize additional redactions. E.D. Cal. L.R. 140(a). Similar to Rule 49.1(a), no blanket

provision exists in the local rules allowing the redaction of an adult's name. Redactions related to the identities and addresses of third party custodians is found in neither Federal nor Local Rules.

Typically, there is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Time Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The right to review judicial documents is not absolute, however, there is "a strong presumption in favor of access" for court records that are not "traditionally kept secret" which include only grand jury transcripts and warrant materials in pre-indictment cases. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted).

Compelling reasons are required for the sealing of judicial records. *Id.* at 1179. "In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *accord Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986). The burden is on the moving party to demonstrate compelling reasons. *Id.* at 1178. The Ninth Circuit applies the compelling reasons test to judicial records attached to dispositive motions and a good cause test for a "*sealed discovery document* [attached] to a *non-dispositive* motion." Id. at 1179. (emphasis in original)(internal citations omitted).

### B. Publically-filed bond documents

At the outset, it is important to note that the United States is not seeking to unseal the third party's declaration that was attached in support of Tang's second bail review motion. The United States is only opposing the continued sealing and redaction of the third party custodian's (and his wife's) identity and address on any bond and/or release documentation, including any deed of trust that secures the United States' interest in the property. To the undersigned's knowledge, no other third party custodian in this district has been afforded the degree of anonymity demanded by Tang. Even Tang admits that she is asking for an "extension" of the Court's rules related to the continued sealing of the third party custodian's identity and address. ECF 43 at 8. An "extension" of the Court's sealing rules is not warranted. Tang cannot and does not overcome the presumption that the Court's processes and

GOVERNMENT'S OPPOSITION TO SEALING AND
PROTECTIVE ORDER

3

documents should be available to the public.

The appearance bond and other documents related to a defendant's release are filed on the Court's public docket. Because these documents do not fall within either of "traditionally kept secret" categories described above, they are not entitled to any special protection. Of note, the documents that Tang seeks to redact are standard forms promulgated by this Court. The Court's Notice to Defendant Being released contains a list of conditions that a defendant must follow in order to remain out of the custody, including that the defendant is being released to a third party custodian. The Court's Third Party Custody form requires the name and signature of the individual who is accepting responsibility for the defendant. The Court's Appearance Bond similarly requires a description of the property being posted (ordinarily an address) and the signature(s) of any property owner(s). While the government is cognizant of the restrictions contained in Rule 49.1(a) and the Court's Local Rules regarding the use of addresses in criminal cases by the parties, to the undersigned's knowledge, the Court has never extended these rules to restrict the contents of its own bond documents.

Additionally, although not among the present bond documents in this motion, the deed of trust securing the United States' interest in the third party custodian's primary residence necessarily contains his name, address and legal description of the property. The deed of trust will be filed publically on Court's docket as part of the bond package and must be publically recorded by a County Clerk-Recorder. It is doubtful that a County Clerk-Recorder will consent to the recording of a deed of trust that does not fully disclose all of the relevant information even if the Court orders its own documents sealed. The entire point of recording the deed of trust is to create a public record of the United States' interest in the third party's property in the event forfeiture of the bond becomes necessary.

Despite Tang's suggestion, none of the above-listed bond documents are analogous to the Presentence Investigation Reports (PSRs), pretrial services reports, or government motions pursuant to USSG § 5K1.1, which often require confidentiality to ensure accurate information is provided to the Court or to protect the safety of a cooperating defendant. Here, having ordered Tang's release on bond and other conditions, the Court has no need for such candid additional information. Furthermore, not all 5K motions meet the standard for sealing and some are filed on the public record.

Without any support, Tang asserts that the government's motivation for objecting to further

sealing of the third party custodian's identity and address is aimed had causing the third party custodian to withdraw his request. If that were the case, the United States would have initially objected to the sealing of the third party custodian's declaration and would now be seeking that document's unsealing. Furthermore, even when confronted with the government's motion related to his identity during the August 28 hearing and the Court's admonition that it may rule in the government's favor, the third party custodian, although disappointed, steadfastly maintained that he would not withdraw his offer.

### C. Lack of compelling reasons or good cause

Unfortunately for Tang, despite her attempts, the bond documents in this case do not fit as neatly within the non-dispositive motion category set out by *Kamakana* as she would like. In any event, regardless of category, as the moving party, Tang provides neither compelling reasons nor good cause for this Court to order the redaction of the third party custodian's and his wife's identity or address from the bond documents.

Tang complains of and blames the government for media interest in the case. She further suggests that such media interest necessarily translates into actual personal safety fears for the third party custodian, his family and herself, as well as, harassment by the media. Tang's assertions are unsupported by anything other than mere speculation. In light of the third party custodian's insertion of himself in this matter, irrespective of his good intentions, it is not altogether surprising that the media and, by extension the public, is interested in this case and in the third party custodian. Be that as it may, Tang cannot now complain that government is asking the Court to treat the third party custodian consistently with how the Court treats every other third party custodian and surety. Tang's request for the third party custodian's identity to remain under seal is seemingly without precedent. At bottom, Tang's real argument seems to be that the public has enough information about the third party custodian, however, this is not the test.

That the third party custodian might suffer some type of personal or professional embarrassment should his identity become known does not rise to the level of a compelling reason. *Kamakana*, 447 F.3d at 1179. It bears repeating that the third party custodian volunteered for these responsibilities.

Moreover, Tang's attempt to utilize the government's contextual arguments against her release in support of continued sealing are particularly ironic, considering that this Court gave no weight to those

arguments. Likewise, Tang's assertions related to the Court's stringent conditions of release have no bearing on whether there are either compelling reasons or good cause to redact the identity and address of the third party custodian.

## IV. CONCLUSION

Given lack of either compelling reasons or good cause for continued sealing and the heavy presumption that the Court's records should be publically available, the Court should deny Tang's requests to seal and motion for redaction and a protective order.

Dated: September 2, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney