MCGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANG JUAN (aka Juan Tang),<br><br>Defendant. | CASE NO. 2:20-CR-000134 JAM<br><br>GOVERNMENT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR REVOCATION OF MAGISTRATE JUDGE'S ORDER AUTHORIZING PRETRIAL RELEASE FOR DEFENDANT<br><br>COURT: Hon. John A. Mendez |

## I. **INTRODUCTION**

On September 14, 2020, defendant Tang Juan ("Tang") filed an opposition to the United States' Motion for Revocation of Magistrate Judge's Order Authorizing Pretrial Release for Defendant. ECF 63. Tang urges the Court to defer to Magistrate Judge Newman's findings and deny the government's motion. Because Tang remains a flight risk and no condition or combination of conditions can reasonably assure her appearance at future hearings, the Court should revoke Judge Newman's order authorizing Tang's release pursuant to 18 U.S.C. § 3145(a).

## II. **ARGUMENT**

Tang asserts in her opposition memorandum that the Court should deny the United States' motion for release revocation by deferring solely to Judge Newman's decision. Tang further asserts based on the credentials of the third party custodian Steven Cui and the conditions imposed that release is appropriate. She complains that the United States has not presented any changed circumstances since

the second bail review hearing warranting revocation. Notwithstanding, Tang re-litigates her own bail review arguments and maintains that any risk of flight is sufficiently ameliorated by the conditions of Judge Newman's release order, including the posting of a bond by Mr. Cui, with whom she has no personal or professional ties.

First, under the plain language of 18 U.S.C. § 3145(a), the United States is not required to present any new or changed circumstances in support of a motion to revoke a magistrate judge's release order. Furthermore, this Court's review of Judge Newman's release order is *de novo* and without deference to the decision below. *United States v. Koenig*, 912 F.2d 1190, 1191 and 1193 (9th Cir. 1990).

Second, in support of her opposition, Tang focuses solely on the personal credentials of Mr. Cui, his posting of a property bond, and his willingness to serve as a third party custodian. Yet it is the lack of *any* personal connection between Mr. Cui and Tang that is the critical factor in this analysis. Tang attempts to apply the rationale found in English common law in support of her assertion that an unknown party like Mr. Cui is better suited to the role of custodian. Presumably, even the "responsible individual from the community" at English common law would have at least known the individual for whom he/she was posting bond. Such is not the case here. More importantly, Tang loses nothing of value to her if she decides to flee the United States. Tang has no attachment to Mr. Cui, his family, or his community. His house means nothing to her. On the contrary, Tang's family and community are in China. She cannot and does not contest her lack of *any* significant ties to the United States and her strong ties to her home country.

Third, Tang misconstrues the government's arguments related to the quantum of evidence against her and essentially asks the Court to view her conduct in a vacuum. Tang's assertions related to her actions (and those of other Chinese military researchers arrested during approximately the same time period in other districts) and the strength of the government's case ignore one fundamental factor – context. In context, when the totality of the evidence against Tang is considered, her risk of flight could not be greater. That Tang may be a scientific research professional with advanced degrees is beside the point. Her actions in this case point squarely to the concealment of her military affiliation and cast doubt on her overall credibility. While Tang complains that the government's interpretation of her conduct is self-serving, her version of events is decidedly more so when considered in its totality.

Moreover, with respect to her flight to the Chinese Consulate, Tang makes much of the idea that American citizens are encouraged by the State Department to make contact with the nearest consulate if they find themselves in legal trouble in a foreign country and analogizes her behavior accordingly. However, conspicuously absent from the State Department's guidance cited by Tang is any suggestion that an American citizen may avoid arrest or prosecution by a foreign nation by taking up residence in a U.S. consulate.

Finally, the remaining conditions of release imposed by Judge Newman simply do not sufficiently mitigate the risk of flight in this case. Tang cannot and does not sufficiently address the issues raised by the United States in this regard.

## III. CONCLUSION

For all of the foregoing reasons, pursuant to 18 U.S.C. § 3145(a), the Court should revoke Judge Newman's release order and detain Tang during the pendency of this matter.

Dated: September 18, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney