UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-00134 JAM |
|---|---|
| Plaintiff, | **ORDER DENYING UNITED STATES' MOTION FOR REVOCATION OF MAGISTRATE JUDGE'S ORDER AUTHORIZING PRETRIAL RELEASE FOR DEFENDANT** |
| v. | |
| TANG JUAN, aka JUAN TANG, | |
| Defendant. | |

By way of this Motion, the United States requests this Court to revoke the order issued by Magistrate Judge Newman ("MJ Newman") releasing Defendant Tang Juan to a third party custodian. MJ Newman's release order included a number of conditions including security in the amount of $750,000 posted by the custodian and electronic monitoring. This Court has conducted a de novo review of MJ Newman's order as required by law. Based on that review, including the briefs filed in support of and in opposition to this motion, the briefs filed and considered by MJ Newman and the transcripts of hearings held before MJ Newman, the Court denies the government's revocation request.

1

The government argues that defendant is a flight risk and that the conditions of release imposed by MJ Newman do not mitigate this flight risk in this case.  The Court disagrees.  The government suggests or infers that the Defendant is a participant in a conspiracy against the United State, i.e. that Defendant is a foreign spy, but no such charges have been filed.  The other cases involving different defendants referenced in the government's brief are not relevant to this Court's consideration in this case.  As Defendant argues, the government's revocation request relies primarily on its own conclusory view of certain photographs and documents found in Defendant's possession as well as conclusions drawn from Defendant's conduct.  Stated another way, the government suggests that this Court should treat this case as one involving espionage charges, even though no such charges have been filed against the Defendant.  The present charges against the Defendant, however, do not weigh in favor of detention.  The offense alleged involves answers to written questions on a visa application regarding prior military service.  Even were there to be a conviction, the potential punishment under the sentencing guidelines includes a sentence that could very likely be less than the time Defendant would have to serve in custody awaiting trial.  Any doubt regarding whether release should be granted or denied "should always be resolved in favor of the defendant."  Herzog v. United States, 75 S.Ct. 349 (1955).

   MJ Newman's pretrial release order is consistent with the Defendant's constitutional and statutory rights. United States v. Petersen, 557 F.Supp.2d 1124, 1130 (EDCA 2008) [quoting United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990)].  The

conditions of release imposed here and the security the Court has required provide sufficient assurance that Defendant will appear at all Court proceedings including trial.  The government has not satisfied its burden that MJ Newman's release order should be revoked.  Accordingly, its motion is denied.

   IT IS SO ORDERED.

Dated:  September 23, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE