UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-00134-JAM |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S APPEAL OF ORDER DENYING MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS** |
| TANG JUAN aka JUAN TANG, | |
| Defendant. | |

On November 10, 2020, Defendant filed an appeal for review of Magistrate Judge Kendall J. Newman's order denying her motion to modify pretrial release conditions pursuant to 18 U.S.C. § 3145(c). See Appeal, ECF No. 91. Defendant has been charged with visa fraud and making false statements to the FBI in violation of 18 U.S.C. §§ 1001 and 1546. Indict., ECF No. 18. On August 28, 2020, Magistrate Judge Newman ordered Defendant be released to a third-party custodian upon the posting of a $750,000 property bond secured by equity in the third party custodian's primary residence and other conditions, including: electronic home monitoring, travel restrictions, a 24-hour curfew, and telephonic and video contact with Chinese officials only in the presence of defense counsel. See Min., ECF No. 37.

1       On October 23, 2020, Defendant filed a motion to modify the
2  conditions of her release. This motion was denied by Magistrate
3  Judge Newman. <u>See</u> ECF Nos. 72, 87.  Defendant claimed that
4  heightened tensions between the United States and China and
5  alleged threats in the public media have created personal safety
6  concerns for the third-party custodian, his family, and herself.
7  <u>See generally</u> Mot., ECF No. 72; <u>see also</u> Appeal.  Defendant
8  requested that she be allowed to move from the third-party
9  custodian's home into a nearby apartment and that all other
10 conditions of release remain in effect. <u>Id.</u>  However, Magistrate
11 Judge Newman found that allowing Defendant to move into her own
12 apartment would not realistically alleviate the stated safety
13 concerns. <u>See generally</u> Tr., ECF No. 90.  Defendant filed this
14 appeal upon the denial of her motion.
15      This Court has conducted a de novo review, including
16 consideration of Defendant and the Government's briefing on the
17 appeal, relevant legal authority, and the transcript of the
18 hearing on Defendant's motion. This Court agrees with Magistrate
19 Judge Newman's decision and DENIES Defendant's appeal.  The Court
20 finds that allowing Defendant merely to live apart from the
21 third-party custodian, while continuing all other terms of her
22 custodial supervision, is unlikely to reduce the threatening
23 online behavior directed toward the third-party custodian.  The
24 third-party custodian would remain in that role and would
25 continue to act as Defendant's surety. As Magistrate Judge
26 Newman so eloquently stated: "threats against [the third-party
27 custodian] because he's willing to be a third-party custodian, as
28 long as he's still the custodian, I don't see how that threat is

gone." Tr. at 11:4-7. Moreover, Defendant was assigned a third-party custodian to ensure that she be supervised at all times. See Tr. at 19:21-25; 20:1-5. Moving her to a separate apartment would undermine this condition and potentially make the conditions of her release untenable.

Accordingly, Defendant's Appeal of Order Denying Motion to Modify Pretrial Release Conditions is DENIED.

IT IS SO ORDERED.

Dated: November 30, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE