MCGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TANG JUAN (aka Juan Tang),<br><br>　　　　　　　Defendant. | CASE NO. 2:20-CR-00134 JAM<br><br>GOVERNMENT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE TIME PERIODS UNDER THE SPEEDY TRIAL ACT<br><br>COURT: Hon. John A. Mendez |

## I.　INTRODUCTION

On December 28, 2020, defendant Tang Juan ("Tang") filed an opposition to United States' Motion to Exclude Time Periods under the Speedy Trial Act. ECF 103.  Notwithstanding the safety concerns precipitated by the on-going and worsening COVID19 pandemic and other case-specific factors implicated, Tang urges the Court to deny the United States' motion to exclude time.  For the reasons set out below, the Court should exclude time under the Speedy Trial Act.

## II.　ARGUMENT

Tang asserts in her opposition memorandum that the statutory factors do not support an exclusion of time and, more specifically, that the United States has overstated the importance of the "impossibility" and other factors, including trial preparation under 18 U.S.C. § 3161(h)((7)(B)(i) and (iv).  Tang further asserts that other additional factors, such as her detention status, lack of criminal history, and negative media coverage militate against an exclusion of time.  Tang all but ignores the

GOVERNMENT'S REPLY MEMORANDUM　　　　　　　　　　1

impact of the current pandemic.

**A.    18 U.S.C. § 3161(h)(7)(B)(i) – "impossibility"**

A careful reading of the United States' memorandum in support of an exclusion of time reveals no overstatement of the "impossibility" factor under 18. U.S.C. § 3161(h)(7)(B)(i).  The United States pointed to this factor as favoring an exclusion of time.  The memorandum cited this Court's decision in *Harris*, which found that this factor "weighs heavily" in favor of a continuance, because it risks the expiration of the speedy trial clock without a continuance in light of the pandemic health and safety concerns inherent which complicate the resumption of jury trials.  *United States v. Harris*, ___ F. Supp. 3d ___, No. 2:20-CR-00049, 2020 WL 2539321, at *3 (E.D. Cal. May 19, 2020).

Tang's attempts to distinguish the Court's analysis in *Harris* are unpersuasive.  While this Court's thoughtful analysis in *Harris* of 18 U.S.C. § 3161 in the COVID19 context was decided on May 2020, it is beyond any serious dispute that the public health situation related to COVID19 has worsened significantly across the world, this nation, and in California since that time.  The Court's analysis of the requirements of § 3161 in *Harris* are more enduring than Tang contends as evidence by this Court's unpublished opinion in *United States v. Reginald Smith*, (EDCA Case No. 2:19-CR-00213 JAM at ECF 58, October 14, 2020).  *See* Exhibit One.  In *Smith*, this Court, relying in part on a similar analysis of § 3161, rejected the defendant's motion to dismiss an indictment on speedy trial grounds.

Tang implicitly suggests that because the United States has convened the grand jury during the pandemic, it could theoretically re-indict Tang were the speedy trial clock to expire.  This suggestion misses the point.  Because jury trials have not yet resumed in this district, simply re-indicting Tang would unnecessarily re-start the process and risks Tang's deportation to China prior to any final resolution of the matter.

Tang's assertion that an exclusion of time in this case would somehow be open-ended in perpetuity and therefore violates the intent of the Speedy Trial Act that exclusions of time be limited in duration is similarly without merit.  As noted in *Smith* "this Court is confident that jury trials will resume in 2021." *Smith* at 8, Exhibit One.

Tang further argues that the potential impact of impossibility can be ameliorated by a bench trial and claims that the government has ignored this alternative.  In support of her position Tang points to

GOVERNMENT'S REPLY MEMORANDUM               2

*United States v. Cohn*, 2020 U.S. Dist. LEXIS 155287 *; 2020 WL 5050945 (E.D.N.Y., August 26, 2020) where in the context of COVID19, the Court granted a defendant's request for a bench trial over the government's objections. *Cohn* is distinguishable. Although Tang has raised the possibility of a bench trial on the record, unlike *Cohn*, this Court has not asked the parties to confer about this subject. Tang has filed no motion with the Court requesting a bench trial. Moreover, United States has not yet categorically objected to a bench trial in this case. The United States has consistently taken the position that the setting of any trial date, given the nature of the case, the voluminous discovery provided and that which is forthcoming, and Tang's formal discovery request, among the other reasons detailed below was simply premature. Tang's citation to *Cohn* is a thinly-veiled invitation for a *sua sponte* decision by the Court that Tang is entitled to a bench trial without the necessity of a motion and briefing provided the United States does not consent, which would necessarily require an exclusion of time under 18 U.S.C. § 3161(h)(1)(D) (Local Code E)(pending pretrial motion). The Court should reject Tang's invitation.

### B. 18 U.S.C. § 3161(h)(7)(B)(iv) - Trial Preparation

An ends of justice continuance under 18 U.S.C. § 3161(h)(7)(B)(iv) related to trial preparation is appropriate and was not overstated by the government in its initial moving papers.

The following additional factors raised by Tang in her opposition further support an ends of justice continuance. It bears repeating that the discovery produced in this matter to date is significant (over 1000 pages of documents, reports, and photographs, as well as approximately 260 gigabytes of raw data). As part of its continuing duty to provide discovery and in the course of trial preparation, the United States anticipates producing approximately 100 additional pages of discovery related to this matter in the coming weeks. Although the facts of this case are not particularly complex, the process by which materials are declassified and redacted by the FBI prior to being provided to the government for further disclosure is not swift.[1] The United States is awaiting the production of a certified copy of Tang's J-1 visa application and the identification of a testimonial witness regarding the materiality of Tang's false statement on the visa application process from the State Department.

Summary translations of some documents have been provided, however, as part of its trial

---

[1] Some of the information in this case may require litigation under the Classified Information Procedures Act (CIPA). If necessary, this process is not rapid, especially during the current pandemic.

preparation, once completed, the government will also turn over verbatim Chinese translations of several items found within the defendant's electronic media that will be utilized at trial. The United States expects that a native-speaking Mandarin linguist employed by the local FBI field office will be called to testify as to his/her translations. As noted in its opening memorandum, the United States continues to investigate the necessity of expert testimony, which may require travel to Sacramento by air risking potential exposure to COVID19. As noted by the United States in Court on December 8, 2020, the United States is evaluating whether an expert witness would be useful concerning issues related to Tang's Chinese military status.

### C.  Other factors

Tang contends that her detention status, lack of criminal history, and recent speedy trial invocation militate against an exclusion of time. Tang complains that the government summarily rejected these factors as not weighing against an exclusion of time, however, Tang merely reiterates her own opinion evidence of good character from prior bail motions without any meaningful citation to authority.

Although she has been out of custody for nearly four months, Tang makes much of her current release status in her quest for a speedy trial. It is worth noting that Tang proposed the bulk of her current release conditions, including residing with the third party custodian with whom she had no connections prior to her release, electronic home monitoring, and a property bond secured by the equity in the third party custodian's primary residence. That Tang's life under conditions of release is not the panacea that she had originally envisioned should not be given any weight in the Court's analysis of other factors bearing on the exclusion of time. While it is unfortunate that Tang is away from her family in a foreign country, she is extremely fortunate to have been released at all considering her absolute lack of ties to this community. So too, the Court should give no weight Tang's status as an educated researcher, the purportedly negative media coverage of this case, or the alleged social media threats. All of these factors were more properly considered as part of Tang's multiple pre-trial release motions, not an exclusion of time under the Speedy Trial Act. Finally, Tang's allegations that she would likely not receive a fair trial because of the negative media attention generated by this case are unsupported and more properly the subject of a different pre-trial motion.

**D.     18 U.S.C. § 3161(h)(1)(D)  - Pending Pretrial Motion**

While Tang complains about the government's request for an exclusion of time based on this pending pretrial motion is "meretricious," she provides no authority or analysis to the contrary.  As such, the Court should also exclude time in this matter from the filing date of this pretrial motion through the date of the Court's ultimate decision pursuant to 18 U.S.C. § 3141(h)(1)(D) (Local Code E). *See United States v. Richardson*, 324 F.Supp.2d 339 (D. Mass. 2004).

### III.     CONCLUSION

For all of the foregoing reasons, the United States moves to exclude time between December 15, 2020, and February 8, 2021, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), with a finding by the Court that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.  The United States also moves for an exclusion of time under 18 U.S.C. § 3161(h)(1)(D) (Local Code E) (pending pretrial motion) from the date of original filing of this pretrial motion.

Dated:  January 8, 2021                                                         McGREGOR W. SCOTT
                                                                                                United States Attorney

                                                                              By:    /s/ HEIKO P. COPPOLA
                                                                                        HEIKO P. COPPOLA
                                                                                        Assistant United States Attorney