UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TANG JUAN aka JUAN TANG,<br><br>　　　　Defendant. | No. 2:20-cr-00134<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

　　On December 15, 2020, the Government filed a Motion to Exclude Time Periods Under the Speedy Trial Act ("STA"). See Mot. to Exclude Time ("Mot."), ECF No. 101. The Government moves to exclude time between December 15, 2020, and February 8, 2021, pursuant to the STA's ends-of-justice exclusion. See 18 U.S.C. § 3161(h)(7)(A). The Government also moves for an exclusion of time under 18 U.S.C. § 3161(h)(1)(D) from the filing date of this pretrial motion. Id. Defendant opposes this motion and asserts her right to a speedy trial. See Opp'n, ECF No. 103.

　　For the reasons discussed below, the Court GRANTS the Government's Motion to Exclude Time.

　　　　　　　　　　I.　BACKGROUND

　　On August 6, 2020, Defendant was indicted and charged with visa fraud and making false statements to the FBI in violation of

1

18 U.S.C. §§ 1001 and 1546.  Indict., ECF No. 18.  On September 10, 2020, Defendant was released upon the posting of a $750,000 bond secured by the residential property of a third-party custodian.  See Order for Release, ECF No. 61.  Defendant has been out of custody since.

On December 8, 2020, the parties appeared before the Court for a status conference.  See Mins., ECF No. 100.  Upon Defendant's request, the Court set a jury trial for February 8, 2021.  Id.  A trial confirmation hearing was set for January 12, 2021.  Id.  Time exclusions had been continuously entered in Defendant's case, up to and including December 8, 2020.  See Mins., ECF Nos. 25, 44, 65, 70, 92.

The Government now moves for an ends-of-justice exclusion of time under the STA through February 8, 2021, and an exclusion of time for the length of time this pretrial motion has been pending. See generally Mot.  On January 12, 2021, the Court held a trial confirmation hearing.  See Mins., ECF No. 105.  Neither the Government nor Defendant's position had changed.  Defendant expressed her desire for a bench trial, to which the Government objected.

## II.   OPINION

### A.   Speedy Trial Act

#### 1.   Legal Standard

Congress enacted the Speedy Trial Act ("STA"), in part, to codify the strong public interest in speedy justice.  United States v. Pollock, 726 F.2d 1456, 1459-60 (9th Cir. 1984).  But it was also born out of Congress's "concern[] about a number of

2

problems . . . that vex an individual who is forced to await trial for long periods of time." Id. (citing H.R.Rep. No. 1508, 93rd Cong. 2d Sess., reprinted in [1974] U.S.Code Cong. & Ad.News 7401, 7408).  These problems include: "disruption of family life, loss of employment, anxiety, suspicion, and public obloquy." Id. To address these correspondent concerns, the STA sets strict time limits on the two phases of prosecution: the time period between arrest/service of summons and an indictment ("Phase 1"), and the time period between arraignment and trial ("Phase 2").  Absent an exclusion of time, Phase 1 cannot exceed 30 days and Phase 2 cannot exceed 70 days.  18 U.S.C. § 3161(b), (c).  If a defendant is not brought to trial within these time limits, "the information or indictment shall be dismissed on motion for the defendant."  18 U.S.C. § 3162(a)(2).

Section 3161(h) sets forth permissible grounds for excluding time under the STA.  One of these grounds is commonly referred to as an ends-of-justice exclusion.  Provided by subsection (h)(7), this exclusion permits defendant, defense counsel, and the government's counsel to seek an ends-of-justice continuance.  18 U.S.C. § 3161(h)(7)(A).  A court may also grant an ends-of-justice continuance on its own motion.  Id.  Regardless of who seeks the continuance, a court must satisfy itself of each of § 3161(h)(7)'s requirements before granting the motion.

Regarding its duration, an ends-of-justice exclusion must be "specifically limited in time."  United States v. Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000).  Although § 3161(h)(7) permits district courts to exclude "any period of delay," the Ninth Circuit has underscored that this temporal

3

flexibility does not permit an ends-of-justice continuance to be indefinite. United States v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990); Pollock, 726 F.2d at 1461. Moreover, an ends-of-justice continuance must be "justified [on the record] with reference to the facts as of the time the delay is ordered." Ramirez-Cortez, 213 F.3d at 1154 (emphasis in original) (internal quotation marks omitted). After independently considering factors listed in § 3161(h)(7)(B), "among others," a court must determine whether "the ends of justice served [by granting a continuance" outweigh "the best interest of the public and the defendant in the speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The STA "imposes strict specificity requirements" on these findings. United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997). "[T]he 'ends of justice' exclusion . . . may not be invoked in such a way as to circumvent the time limitations set forth in the [STA]." United States v. Clymer, 25 F.3d 824, 829 (9th Cir. 1994). The ends-of-justice provision "is not a general exclusion for every delay, and any continuance granted under it must be based on specific underlying factual circumstances." United States v. Martin, 742 F.2d 512, 514 (9th Cir. 1984). Courts are not entitled "to rely on the unverified claims" of the party seeking a continuance. Id. at 1270. Nor may they conclude that one of the § 3161(h)(7)(B) factors justifies a continuance without tethering that conclusion to case-specific considerations. United States v. Perez-Reveles, 715 F.2d 1348, 1352 (9th Cir. 1983) ("although the complexity of the case is a permissible factor . . . the mere conclusion that

4

the case is complex is insufficient.").

A court must set forth these findings on the record, either orally or in writing. 18 U.S.C. § 3161(h)(7)(A); see also Zedner v. United States, 547 U.S. 489, 509 (2006); Ramirez-Cortez, 213 F.3d at 1153. A court need not issue its specific findings "at the precise moment it grants a[n ends-of-justice] continuance." United States v. Bryant, 726 F.2d 510, 511 (9th Cir. 1984). That said, § 3161(h)(7)'s analysis is a forward-looking inquiry. "A court may not, 'subsequent to the grant of a continuance, undertake for the first time to consider the factors and provide the findings required by [§ 3161(h)(7)(A)].'" Jordan, 915 F.2d at 566 (quoting United States v. Frey, 735 F.2d 350, 352 (9th Cir. 1984)); see also Frey, 735 F.2d at 352 (holding that a district court may not make nunc pro tunc ends-of-justice findings to accommodate an "unwitting violation of the [STA].").

2. Ends-of-Justice

Before granting an ends-of-justice continuance, a judge must find "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Because section 3161(h)(7)(A) requires this balancing to be case-specific, the Court cannot, and does not, find that considerations surrounding COVID-19's impact on public safety and this Court's operations will, in every case, outweigh the best interest of the defendant and the public in a speedy trial. And although ends-of-justice interests and speedy-trial interests are concededly abstract, courts must nevertheless attempt to define them in each case and

assess which set of interests is weightier under the circumstances. The relevant factors set forth in section 3161(h)(7)(B), "among others," aid in this analysis. Irrelevant factors such as section 3161(h)(7)(B)(iii) are not included.

### a. Impossibility - § 3161(h)(7)(B)(i)

This Court must first consider whether its failure to grant an ends-of justice continuance "would be likely to make a continuation of [the] proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(B)(i). This factor weighs heavily in favor of granting a continuance. The state of California, and this district, are still seriously impacted by COVID-19. On January 13, 2021, 33,751 new COVID-19 infections were confirmed in California. See https://covid19.ca.gov/state-dashboard/. The state now has a total of 2,781,039 positive cases. Id. Statewide, ICU availability has fallen to 0%. See https://covid19.ca.gov/stay-home-except-for-essential-needs/. As a result, state and local restrictions are still in effect.

Although this district's general orders grant each judge discretion on when to resume in-person proceedings, it is not possible to predict with absolute certainty when an in-person trial can safely occur in this Court. However, this delay will not be indefinite. This Court is confident that trials will resume in 2021 but deems it unlikely they will resume in the next few months. Thus, absent a continuance, Defendant's speedy-trial clock will expire. At that point, the Government will have to dismiss the charges brought against her. 18 U.S.C. § 3162(a)(2). While the Government may sometimes re-indict a defendant for previously-dismissed charges, re-indictment is difficult. See

1  Zedner, 547 U.S. at 499 (citing 18 U.S.C. § 3288) (a new
2  indictment may be returned only if the charges are dismissed
3  without prejudice and the defendant is re-indicted within six
4  calendar months of the date of dismissal).
5     Defendant disputes the difficulty of this task by pointing
6  to the Government's ability to assemble grand jury quorums and
7  file new indictments during this ongoing pandemic.  Mot. at 8.
8  However, the Government's ability to hold grand jury proceedings
9  is limited and made significantly more difficult by the Eastern
10 District's reduced operations and COVID-19 safety measures.  That
11 a grand jury can be convened does not mean the Court should add
12 to the frequency with which it must be convened.  Moreover,
13 because the Court cannot safely conduct a trial at this time, re-
14 indicting Defendant would unnecessarily re-start the process,
15 further delay any resolution, and risk Defendant's deportation to
16 China prior to a final resolution of the matter.
17 Consequently, the Court finds its failure to grant an ends-of-
18 justice continuance in this case "would be likely to make a
19 continuation of [this] case impossible."  18 U.S.C.
20 § 3161(h)(B)(i).
21              b.   Complexity - § 3161(h)(7)(B)(ii)
22    Judges must also assess whether a case "is so unusual or so
23 complex . . . that it is unreasonable to expect adequate
24 preparation for pretrial proceedings or for the trial itself"
25 within the STA's prescribed limits.  18 U.S.C.
26 § 3161(h)(7)(B)(ii).  The "number of defendants, the nature of
27 the prosecution, or the existence of novel questions of fact or
28 law" may give rise to a judge's complexity finding.  Id.  Neither

7

party contends this case is complex.  See Mot. at 5; Opp'n at 9.  Thus, the nature of the proceedings weighs in favor of Defendant and the public's interest in a speedy trial.

      c. <u>Competency/Continuity of Counsel -</u>
        <u>§ 3161(h)(7)(B)(iv)</u>

  Section 3161(h)(B)(iv) requires judges to consider counsels' ability to prepare and present their case, even when the case is not so complex that it bears independent consideration under the "complexity" factor.  Under this factor, judges must ask whether denying an ends-of-justice continuance would (1) deny defendant reasonable time to obtain counsel, (2) "unreasonably deny" either party continuity of counsel, or (3) deny either parties' counsel "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

  COVID-19 has no doubt impacted counsels' ability to prepare and present their case.  But the difficulties posed by the pandemic are not specific to this case.  Instead, when invoking this provision, "[t]he government should [offer] something about the specific people and documents involved in the underlying case, why they were unavailable, or what information they were looking for they lacked access to because of teleworking or other conditions created by COVID-19."  <u>Elms</u>, 2020 WL 2085970, at *2.

  The Government cites to the more than 1,000 pages of discovery and a 260-gigabyte hard drive it has shared, and an additional 100 pages of discovery it will share, to suggest the defense will need more time to prepare its case.  Mot. at 5-6; Reply at 3-4, ECF No 104.  The Government also notes that the

1  FBI's declassification and redaction process is time intensive;
2  the Government awaits the production of a certified copy of
3  Defendant's J-1 visa application and the identification of a
4  witness who can testify to the materiality of Defendant's false
5  statement on her visa application process from the State
6  Department; documents need to be translated; and expert witnesses
7  are being considered and evaluated.  Reply at 3-4.
8      Defendant argues these concerns are overstated and that she
9  and her defense team are prepared to proceed to trial within the
10 STA time limits.  Opp'n at 10.  However, Defendant was not aware
11 of the additional discovery the Government intends to share.
12 And, as Defendant points out, motions practice over potential
13 discovery disputes has not even begun.  Id.  Moreover, the Court
14 cannot ignore the complicating aspects of this case (i.e.,
15 declassifying, redaction, and translation of numerous documents)
16 that may prolong the time necessary for effective preparation.
17     The Court, therefore, finds the amount of time necessary for
18 either side to prepare for trial militates in favor of granting
19 an ends-of-justice continuance.
20                d.   "Other" Factors - § 3161(h)(7)(B)
21     Section 3161(h)(7)(B) instructs that judges must consider
22 the enumerated factors, "among others."  The statute is silent
23 about what non-statutory factors judges should consider.  The
24 Court interprets this silence as conferring broad discretion to
25 consider factors it deems relevant based upon the specific facts
26 of the case and surrounding circumstances.  Indeed, in Lloyd, the
27 Ninth Circuit criticized the district court judge for failing to
28 take non-statutory considerations into account.  125 F.3d at 1269

(finding the district judge should have considered whether the parties "actually want[ed] and need[ed] a continuance, how long a delay [was] actually required, [and] what adjustments [could have been] made with respect to the trial calendars [to avoid a continuance].").

Here, the Court finds the fact that Defendant is out of custody weighs in favor of granting an exclusion of time. As does the Court's present inability to safely hold a trial. The counties that make up the Eastern District of California are reporting many new COVID-19 cases, along with new COVID-19-related deaths. And the vaccine rollout has been much slower than expected. The Court cannot hold trials in a way that does not put the public, the parties, court staff, and counsel at serious risk. Defendant has stated her willingness to proceed via bench trial in order to minimize this risk. Opp'n at 3; Jan. 12, 2021, Mins. However, the Government has objected to a bench trial. Jan. 12, 2021, Mins. The Court will not overrule the Government's objection and decide the issue without a motion and briefing from the parties. Moreover, the Court is not convinced that a bench trial would reduce the attendant risks as it would nonetheless require the presence of several people in the courtroom at the same time, for extended periods of time.

On the other hand, Defendant has not been charged with a violent crime, nor does she have a history of violent crime. And there is no specific reason to suspect recidivism if the charged are dismissed. However, the Court does have concerns over whether Defendant would be deported, thereby evading further prosecution, if the charges were dismissed.

10

e. Conclusion

Thus, on balance, the Court finds that the ends of justice served by applying an exclusion of time outweigh the best interests of Defendant and the public in a speedy trial. The Court is confident that it will resume trials later this year and, therefore, any time excluded will not be indefinite. Applying its most conservative and best estimate, the Court sets this case for jury trial on July 12, 2021, at 9:00 a.m. The Court further sets a trial confirmation hearing for June 1, 2021, at 9:30 a.m. This trial date is set with the understanding that, if jury trials resume prior to July 12, 2021, the Court may advance this trial to an earlier date that is mutually convenient to the parties.

Accordingly, the Court grants the Government's motion and orders the time between December 15, 2020, and February 8, 2021, be excluded from computation under the STA, 18 U.S.C. § 3161(h)(7)(A). In addition, the Court, on its own motion, orders that the time from the date of this Order, through July 12, 2021, shall be excluded from computation under the STA, 18 U.S.C. § 3161(h)(7)(A).

3. Pending Pretrial Motion

The Government also requests that the time this pretrial motion has been pending be excluded pursuant to 18 U.S.C. § 3141(h)(1)(D). Defendant, without citing any supporting authority, opposes this exclusion. See Opp'n at 3-4. Time is properly excluded from the date any pretrial motion is filed by either party. See United States v. Richardson, 324 F.Supp.2d 339, 342 (D. Mass. 2004) ("The Speedy Trial Act provides that

11

1 'delay resulting from <u>any</u> pretrial motion, from the filing of the
2 motion through the conclusion of the hearing on, or other prompt
3 disposition of, such motion' is excludable from the seventy-day
4 period.") (quoting 18 U.S.C. § 3141(h)(1)(D)) (emphasis in
5 original).
6     Accordingly, the Court grants the Government's motion on
7 this ground as well and orders the time between December 15,
8 2020, and the date of this Order be excluded from computation
9 under the STA, 18 U.S.C. § 3161(h)(1)(D).

11     III.   ORDER
12     For the reasons set forth above, the Court GRANTS the
13 Government's Motion to Exclude Time.  The February 8, 2021, trial
14 date is hereby VACATED.
15     A status conference will be held on April 6, 2021 at 9:30
16 a.m.  Trial is set for July 12, 2021, and a trial confirmation
17 hearing is set for June 1, 2021.
18     The time between December 15, 2020, and July 12, 2021, is
19 excludable under 18 U.S.C. § 3161(h)(7)(A).
20     The time between December 15, 2020, and the date of this
21 Order is excludable under 18 U.S.C. § 3161(h)(1)(D).
22     IT IS SO ORDERED.
23 Dated: January 15, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

12