PHILLIP A. TALBERT
Acting United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00134 JAM |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| TANG JUAN (aka Juan Tang), | |
| Defendant. | |

### I.     STIPULATION

It is hereby stipulated and agreed by the parties and their respective counsel, as follows:

1. Pursuant to its on-going disclosure obligations, the United States hereby makes available for review under Federal Rule of Criminal Procedure 16, discovery produced in <u>United States v. Guan Lei</u> (Central District of California Case No. 8:20-cr-00127-MWF) and <u>United States v. Chen Song</u> (Northern District of California Case No. 3:21-CR-011 WHA).

2. These discovery materials are subject to protective orders in the Northern and Central Districts of California. Copies of those protective orders are attached as Exhibits A and B.

3. In order to be provided access to the discovery materials from the Northern and Central Districts of California, all counsel for defendant Tang, and their staffs, including any retained investigators, translators, experts, or consultants, stipulate and agree to be bound by the terms of the protective orders contained in Exhibits A and B.

STIPULATION AND PROTECTIVE ORDER       1

IT IS SO STIPULATED.

Dated: March 15, 2021                                    PHILLIP A. TALBERT
                                                         Acting United States Attorney

                                                    By:  /s/ HEIKO P. COPPOLA
                                                         HEIKO P. COPPOLA
                                                         Assistant United States Attorney


                                                          /s/ MALCOLM SEGAL
                                                         MALCOLM SEGAL
                                                         Counsel for Tang Juan

                                                         /s/ THOMAS JOHNSON
                                                         THOMAS JOHNSON
                                                         Counsel for Tang Juan

                                                         /s/ PATRICK WONG
                                                         PATRICK WONG
                                                         Counsel for Tang Juan


### [PROPOSED] ORDER

For good cause shown, the stipulation of counsel in the above-entitled case, is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: March 17, 2021                                    _____
                                                         THE HONORABLE JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407/2253
     Facsimile: (213) 894-2927
     E-mail:    william.rollins@usdoj.gov
                george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SACR 20-127-MWF |
|---|---|
| Plaintiff, | PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND PRIVACY ACT INFORMATION |
| v. | |
| GUAN LEI, | |
| Defendant. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information and Privacy Act Information, filed by the government and defendant GUAN LEI ("defendant") in this matter, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendant's alleged crimes, that is, violations of 18 U.S.C. § 1542

(visa fraud); 18 U.S.C. § 1001 (false statements); and 18 U.S.C. § 1519 (destruction of evidence).

2.  A protective order for the discovery is necessary so that the government can produce to the defense materials containing third parties' PII.  The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.  An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

4. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

5. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

    b. "Confidential Information" refers to any document or information containing PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

    c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

    d. The government is authorized to provide defense counsel with Confidential Information marked with the following

3

legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

   e. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

   f. Defendant and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

   g. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

   h. Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

        i.   Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

        j.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

        k.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

        l.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in

5

whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      m.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials and make all reasonable attempts to limit the divulging of PII Materials.

      n.    Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   o. Confidential Information shall not be used by any member of the defense team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials or certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

   p. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

   q. Defense counsel shall advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective

7

Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

February 25, 2021
DATE

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
WILLIAM M. ROLLINS
Assistant United States Attorney

# EXHIBIT B

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

BENJAMIN KINGSLEY (CABN 314192)
ERIC CHENG (CABN 274118)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6937
    FAX: (415) 436-7234
    benjamin.kingsley@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-011 WHA |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER [PROPOSED] |
| v. | |
| CHEN SONG, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with visa fraud, in violation of 18 U.S.C. § 1546(a). Having received a discovery request, the United States has produced and will continue to produce documents and other materials pertaining to the defendant and the charged offense to defense counsel. The discovery that has been produced and is to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 21-011 WHA

      number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that the defendant, defense counsel of record for defendant, their investigators, assistants, and employees (collectively, "the defense team") may review all discovery material produced by the government.  Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense teams, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.  **They must initial and date prior to receipt.**

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. Notwithstanding the foregoing, when interviewing or speaking with a witness in the course of preparing a defense, the defense team may review discovery material (with Protected Information entirely redacted from the materials) with the witness, but only in the presence of a member of the defense team; the defense team shall not permit the witness to retain, make copies of, or have unsupervised access to any such materials.  If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 21-011 WHA

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, and after the deadline for any 28 U.S.C. § 2255 motion has expired, the defendant and defense team shall destroy all documents and electronic media subject to this Protective Order, delete any electronic copies of such documents or electronic media, or return such documents or electronic media to the government. Notwithstanding the foregoing, defense counsel of record may retain one copy of documents or electronic media that would otherwise be subject to this Protective Order, to the extent it believes is necessary under its professional obligations, subject to the other restrictions of this Protective Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

DAVID L. ANDERSON
United States Attorney

Dated: 1/21/21

/s/
BENJAMIN KINGSLEY
ERIC CHENG
Assistant United States Attorneys

Dated: 1/21/21

/s/
EDWARD SWANSON
AUDREY BARRON
JOHN HENRY HEMANN
Counsel for Defendant Chen Song

**IT IS SO ORDERED.**

Dated: January 22, 2021.

HON. WILLIAM ALSUP
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 21-011 WHA

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

BENJAMIN KINGSLEY (CABN 314192)
ERIC CHENG (CABN 274118)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6937
    FAX: (415) 436-7234
    benjamin.kingsley@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-011 WHA |
| Plaintiff, | STIPULATION AND [PROPOSED] AMENDMENT TO PROTECTIVE ORDER |
| v. | |
| CHEN SONG, | |
| Defendant. | |

On January 22, 2021, the Court entered a protective order concerning discovery in this matter (the "Protective Order"). Dkt. 50. That order permitted the defendant to review unredacted copies of discovery material produced by the government, pursuant to certain requirements and limitations. At the request of the defense, the government intends to produce additional discovery material concerning other individual(s) charged in third-party criminal case(s) to the defense team. Because that discovery material contains Protected Information (as defined in the Protective Order) of these third-party individual(s), and to ensure that Protected Information is not subject to unauthorized disclosure or misuse, at the request of the parties,

**IT IS HEREBY ORDERED** that the Protective Order is amended as follows:

    1.    When producing discovery material regarding individuals charged in third-party criminal

STIPULATION AND [PROPOSED] AMENDMENT TO PROTECTIVE ORDER
CR 21-011 WHA

case(s), the government will inform the defense that such discovery relates to such third-party individual(s), and specify the Bates ranges of documents covered by such productions; and

2. The defense team may review with the defendant all discovery material so specified as pertaining to third-party criminal cases, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any such discovery material unless the Protected Information has first been **entirely redacted** from the discovery materials.

The Protective Order otherwise remains in effect and not altered. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case~~.~~ for 90 days only.

**IT IS SO STIPULATED.**

DAVID L. ANDERSON
United States Attorney

Dated: 2/22/21

/s/
BENJAMIN KINGSLEY
ERIC CHENG
Assistant United States Attorneys

Dated: 2/22/21

/s/
EDWARD SWANSON
AUDREY BARRON
JOHN HENRY HEMANN
Counsel for Defendant Chen Song

**IT IS SO ORDERED.**

Dated: February 23, 2021.

HON. WILLIAM ALSUP
United States District Judge

STIPULATION AND ~~[PROPOSED]~~ AMENDMENT TO PROTECTIVE ORDER
CR 21-011 WHA