UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANG JUAN, aka Juan Tang,<br><br>Defendant. | No. 2:20-cr-0134 JAM<br><br><br><br>ORDER |

Defendant's Motion for Pretrial Discovery, ECF No. 117, and Defendant's Motion for Bill of Particulars, ECF No. 118, came on for hearing before the undersigned on April 19, 2021. Both motions were fully briefed. See ECF Nos. 125 (opposition to discovery motion), 128 (reply); 124 (opposition to motion for bill of particulars), 127 (reply). Assistant U.S. Attorney Heiko Coppola appeared for plaintiff; Malcolm Segal and Thomas A. Johnson appeared for the defendant. Having considered the briefs and arguments presented by the parties, the court now rules.

I. <u>BACKGROUND</u>

Defendant Tang Juan (also known as Juan Tang) faces trial on one count of visa fraud in violation of 18 U.S.C. § 1546(a), and one count of making a false statement to the FBI in violation of 18 U.S.C. § 1001(a)(2). ECF No. 18 (Indictment). Defendant is a cellular biologist and Chinese national who entered the United States on a non-immigrant visa to participate in cancer research at U.C. Davis. The government alleges that she made false representation about

her relationship to the Chinese military, both in her visa application dated December 27, 2019 and when questioned by federal agents on June 20, 2020.

## II. MOTION FOR BILL OF PARTICULARS

### A. Overview

The indictment charges in Count One that on December 27, 2019 and June 20, 2020, in relation to her application for and use of her visa, defendant falsely "denied having served in the military" when she was in fact "a member of the Chinese military," in violation of 18 U.S.C. § 1546(a) (fraud and misuse of visa). Count Two alleges that on June 20, 2020, in the context of an FBI investigation, defendant "falsely stat[ed] that she was not a member of the Chinese military" when she was in fact "currently a member of the Chinese military," in violation of 18 U.S.C. § 1001(a)(2) (making false statements).

Defendant seeks a bill of particulars that provides information in response to 8 questions, all going to the factual predicate for the charges and/or the official meaning of terms such as "military service." See ECF No. 118-2

### B. Legal Standards

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him or her with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to protect against double jeopardy should the defendant be prosecuted a second time for the same offense. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). Federal trial courts have broad discretion in determining whether to grant a motion for bill of particulars. See Will v. United States, 389 U.S. 90, 98 (1967); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987) (abuse of discretion standard on appeal). In exercising its discretion, the court should consider the totality of the information available to the defendants through the indictment, affirmations, and pretrial discovery and determine whether, in light of the charges the defendants must answer, the filing of a bill of particulars is warranted. United States v. Reddy, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002); United States v. Santiago, 174 F. Supp. 2d

16, 34 (S.D.N.Y. 2001) (court should also consider the complexity of the offenses charged and the clarity of the indictment).

In striking a proper balance between the legitimate interests of the government and those of the defendant, the court must keep in mind that a bill of particulars is not a discovery tool or a device to allow the defense to preview the government's evidence. United States v. Fletcher, 74 F.3d 49, 52 (4th Cir. 1996); United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); see also Santiago, 174 F. Supp. 2d at 34. Nor is a bill of particulars to be used to discover the witnesses the government intends to call at trial. United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended on other grounds, 777 F.2d 543 (1985). "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." Giese, 597 F.2d at 1181; see also United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986); United States v. Middleton, 35 F. Supp. 2d 1189, 1192 (N.D. Cal. 1999) ("[T]he goal of a bill of particulars is satisfied if the defendant is aware of the 'theory of the government's case.'"). Moreover, because it confines the government's case to the particulars furnished, a bill of particulars should not be granted insofar as it would unduly restrict the government's ability to present its case. United States v. Gibson, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (citing United States v. Perez, 940 F. Supp. 540, 550 (S.D.N.Y. 1996)). Finally, "[t]he decisive inquiry in deciding such a motion is whether the indictment adequately advises "he defendant of the specific acts of which he is accused.'" Santiago, 174 F. Supp. 2d at 34 (quoting United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990)); see also United States v. Davidoff, 845 F.2d 1151, 1154-55 (2d Cir. 1988).

C. Discussion

The indictment specifies with precision the statements that are alleged to have been false: defendant's denials on two specific occasions of military service and membership in the Chinese military. This language informs defendant in clear and plain terms of the specific acts of which she is accused. The indictment thus identifies the nature of the pending charges and clearly permits defendant to interpose a plea of double jeopardy should she be prosecuted a second time for the same offense.

The totality of the information available to the defendant, including the affidavit in support of the complaint and the discovery provided to date, provides adequate notice of the government's theory or theories of falsehood. Nothing more is required. See <u>Giese</u>, 597 F.2d at 1181. Defendant's own briefing demonstrates that she is well aware of the factual disputes regarding the truth or falsity of her statements that may be addressed at trial, and thus is able to prepare.

Defendant complains in essence that the indictment itself does not exclusively commit the government to a particular theory of evidence as to her alleged military service, when several such theories have been suggested: participation in a "civilian cadre" that is part of the Chinese military despite its civilian designation; enlistment as a (presumably) non-civilian member of the military; work at a university or research facility with military affiliation that renders its scientists official or de facto members of the military. The undersigned is unaware of authority requiring the government to so limit its theory or its evidence. In any event, the Rule 7(f) question is simply whether the indictment serves its function of providing notice and preventing surprise. The indictment here does so.

Factual details demonstrating the alleged falsity of defendant's statements are not elements of the charges that must be pled with particularity, they are matters for proof by evidence at a later stage of the proceeding—and a bill of particulars is not intended to identify the government's evidence. See <u>Giese</u>, 597 F.2d at 1181. The government must, of course, produce in discovery all evidence of falsity on which it intends to rely at trial, along with any evidence exculpatory or material as to falsity that is within the prosecution's possession, custody or control. The court therefore turns to defendant's motion for discovery.

III. <u>MOTION FOR PRETRIAL DISCOVERY</u>

A. <u>Overview</u>

Defendant seek compelled discovery of 21 categories of materials, which are set forth in her motion at ECF No. 117-1, pp. 17-20.[1] The government contends generally that it has

---

[1] Citations to electronically filed documents reference the page numbers imposed by the CM/ECF system, not those of the original document.

4

complied to date with its discovery obligations and will continue to do so. As to all additional materials sought by the defense, the government maintains that defendant has not established materiality and/or that any additional materials are not within the possession, custody or control of the DOJ and FBI.

B. <u>Standards Governing Discovery in Criminal Cases</u>

Under Federal Rule of Criminal Procedure 16(a)(1)(E), the government must provide a criminal defendant with discovery of materials "which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense." As the Ninth Circuit has stated:

> Rule 16 permits discovery that is relevant to the development of a possible defense. <u>United States v. Clegg</u>, 740 F.2d 16, 18 (9th Cir. 1984). To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality. <u>United States v. Little</u>, 753 F.2d 1420, 1445 (9th Cir. 1984); <u>United States v. Cadet</u>, 727 F.2d 1453, 1468 (9th Cir. 1984). Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense. See <u>Little</u>, 753 F.2d at 1445; <u>Cadet</u>, 727 F.2d at 1466-68.

<u>United States v. Mandel</u>, 914 F.2d 1215, 1219 (9th Cir. 1990). See also <u>United States v. Zone</u>, 403 F.3d 1101, 1107 (9th Cir. 2005).

With respect to the defendant's burden of making a prima facie showing of materiality in support of the request for discovery under Rule 16, it has been observed as follows:

> The materiality requirement, however, is not a "heavy burden"; rather, evidence "is material as long as there is a strong indication that … the evidence will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" <u>United States v. Liquid Sugars, Inc.</u>, 158 F.R.D. 466, 471 (E.D. Cal. 1994). "[R]equests which are designed to generally cast for impeachment material…are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." <u>Id.</u> at 472.

<u>United States v. Bergonzi</u>, 216 F.R.D. 487, 501 (N.D. Cal. 2003). Nonetheless, where the government has shown that complying with a criminal defendant's discovery request under Rule 16 would be unduly burdensome, "it is incumbent on the district court to consider the government

interests asserted in light of the materiality shown." Mandel, 914 F.2d at 1219 (citing Cadet, 727 F.2d at 1468). In the absence of the required factual showing from the defense, there is no basis upon which the court to exercise any discretion it has to order discovery. Id.

Under Brady v. Maryland, 373 U.S. 83, 86 (1963), the prosecution has an obligation to reveal exculpatory evidence, whether substantive or for impeachment purposes, when such evidence is "material" to the defense and in the possession of the government. While the Brady rule is to be interpreted broadly to encourage prosecutors to carry out their duty, the rule has its limitations and does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant. Smith v. Secretary, Dept. of Corrections, 50 F.3d 801, 823-24 (10th Cir. 1995) (citing Moore v. Illinois, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case."))

In this sense, and because there "is no general constitutional right to discovery in a criminal case[,]" Brady is not an evidentiary rule that grants broad discovery powers to a defendant. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Certainly, a defendant's mere allegation that the requested information might be material does not entitle the defense to essentially an unsupervised, unlimited search of the government's files. Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987).

C. Discussion

1. Discovery Items 1-7

Items 1-7 broadly seek analyses, reports, documents and photographs related to the structure and organization of the Chinese military, the relationship of the Chinese military to Chinese research institutions, and the U.S. non-immigrant visa process and government uses of the question on the application regarding military service. ECF No. 117-1 at 13-14. Only item 7 involves information specific to defendant Juan: it seeks reports regarding her and/or the institutions where she has worked. Items 1-6 seek materials which appear to the undersigned to have obvious value to the case as background information, and which might (or might not) include investigate leads useful to either/both the defense and the prosecution. That, however, is

not the standard for discovery in a criminal case. Overall, Items 1-6 provide only general descriptions of information sought, without facts tending to show that the government is in possession of information helpful to the defense. This is insufficient to meet defendant's burden on the motion. See Little, 753 F.2d at 1445; Cadet, 727 F.2d at 1466-68.

Moreover, Mr. Coppola represents that the government has disclosed all responsive materials "to which it has access and that are available from DOJ and FBI." ECF No. 125 at 9. Defendant argues that the prosecution is obligated to seek additional responsive materials from a wide array of other federal agencies, including all intelligence and national security agencies. Defendant contends among other things that the close institutional relationships between DOJ's National Security Division and the intelligence community supports a finding that the USAO has "possession, custody or control" over all those agencies' studies, reports and analyses regarding the Chinese military. Defendant also argues that the State Department's general authority over the visa regime brings it within the scope of the government's discovery obligations in this case. This argument goes to far.

For Rule 16 purposes, federal prosecutors are deemed to have access to "anything in the possession, custody or control of any federal agency *participating in the same investigation* of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989) (emphasis added). A prosecutor need not "comb the files of every federal agency which might have documents regarding the defendant" in order to fulfill his Rule 16 obligations. Id. An agency's files are deemed within the possession of the prosecution for Rule 16 and Brady purposes if the agency contributed to the investigation, United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995) (BOP files discoverable where BOP had collected evidence), or consulted with the prosecutor regarding the pursuit of criminal charges, United States v. Wood, 57 F.3d 733, 737 (9th Cir. 1995) (FDA files discoverable where FDA had consulted with prosecution in "steps leading to prosecution").

Mr. Coppola has represented that FBI is the sole investigative agency involved in this prosecution, and that the Department of State (DOS) and U.S. Customs and Border Protection (CBP) have had very limited involvement in the case. The FBI consulted a DOS representative regarding the materiality of Juan's representations regarding her military status on her visa

application; the documents obtained from DOS have already been provided to the defense. A DOS witness will be presented at trial to testify about the visa application process, but has not yet been identified. CBP has also provided a limited number of documents. ECF No. 125 at 9. It does not appear that either agency was an active participant in the investigation or was involved in the decision to prosecute. Discovery Items 1-7 seek to have the prosecution comb through the files of other agencies for information that might be useful to the defense, which is beyond the scope of its Rule 16 obligations.

The motion accordingly fails as to Items 1-7, for two independent reasons. First, it seeks general categories of documents with only speculative materiality. Second, at least as to non-DOJ agencies other than DOS and CBP, it seeks discovery of materials over which the prosecuting agencies plainly do not have custody, possession or control. For present purposes, the undersigned reserves ruling on the question whether the prosecution's discovery obligations extend to DOS and CBP in this case.

Although it appears that the government has thus far satisfied its limited discovery obligations regarding Items 1-7, and the motion therefore will be denied as to them, the prosecution has an ongoing duty of disclosure. The court trusts that the prosecution team well understands that obligation, but nonetheless emphasizes as follows. As to Item 7, the government must disclose any responsive documents that come to the attention of the USAO and/or FBI from any source. The government must similarly disclose any materials it obtains that are responsive to Items 1-6, and that it elects to use in its case-in-chief or that have probative value as to the military status of the defendant and/or any Chinese academic, scientific, or research institutions with which she is or has been affiliated. Such materials would plainly be relevant to the development of a defense and therefore would be discoverable. When a DOS witness is designated to testify as to the J-1 visa process and/or the materiality of statements regarding military service, the government must disclose any impeachment materials, the bases for any expert opinions, and any <u>Jencks</u> material according to the usual parameters and timelines.

Finally, the court cautions the government that its <u>Brady</u> obligations—which are "affirmative, anterior to, and weightier than" its Rule 16 obligations—may well extend to

exculpatory information in the possession of DOS or CBP.  See Wood, 57 F.3d at 737 (finding Brady violated by failure to disclose FDA reports unknown to prosecutor at time of trial, which would have contradicted testimony of prosecution witness regarding dangerousness of substance at issue on prosecution for conspiracy to defraud the FDA).  The court trusts that the prosecution here is committed to its truth-seeking function and accordingly has been and will continue to gather whatever background information is required to understand the relationship between the Chinese military and any Chinese hospitals and research facilities with which defendant has been associated.  The court further trusts that any such information obtained from any source will be shared with the defense if has exculpatory value within the meaning of Brady, is material to the preparation of the defense within the meaning of Rule 16, or will be used in the government's case in chief.

### 2. Discovery Items 8-13

Items 8-13 describe categories of materials that are plainly discoverable—and as to which the government represents that full disclosure has been made.  Specifically, the AUSA states that he has provided and will continue to provide all extant statements by the defendant (Item 8[2]), and all materials the government intends to present in its case-in-chief (Items 9, 10[3], 12, 13).  As to Rule 16(a)(1)(G) information regarding expert witnesses (Item 11), these need not be disclosed until expert witnesses are identified; the government has committed to doing so at that time.  The government clearly understands its duty to provide supplemental disclosures as to all these categories of discovery.  There is nothing to order at this time.

### 3. Discovery Items 14, 15 & 21

These items seek information regarding the DS-160 application form for non-citizen visas.  Item 14 seeks all materials from the Consular Electronic Application Center regarding

---

[2] Defendant argued forcefully at hearing that she should be provided with copies of the questions and answers from the June 2020 FBI interview in Mandarin (the language in which the questioning was conducted), not merely the English language summary that was prepared afterward.  The AUSA represented that no recording of the interview exists, and there is no Mandarin language transcript or statement.  Accordingly, there is nothing for this court to compel.

[3] Item 10 seeks "reports of examinations and tests."  The AUSA represents that no forensic or scientific examinations or tests have been conducted.

defendant's own visa application. Item 15 seeks all instructions provided to applicants by the Consular Electronic Application Center regarding completion of the non-immigrant visa application. Item 21 seeks rules, regulations, instructions, guidelines or other written materials concerning the eligibility requirements for approval or disapproval of the visa application, including any related to military service. The government represents that it will provide "certain documents" in response to Items 14 and 21, ECF No. 125 at 11, and that because online instructions are available online, the defense has independent access to the information described in Item 15.

It is unclear whether the government has disclosed all documents received from DOS in relation to Items 14 and 21. These are material to the preparation of a defense and all responsive documents must be produced if they have not already been provided to the defense.

      4. <u>Discovery Item 16</u>

Item 16 seeks unredacted versions of discovery previously provided. It was clear from discussion at the hearing that some additional unredacted discovery has been provided since the motion was filed, and more is expected to follow. For present purposes, defendant has not provided specific information about the document(s) at issue, or the extent and textual context of the disputed redactions, that would support a finding that material information remains improperly withheld. The parties are directed to meet and confer in an effort to resolve this matter.

      5. <u>Discovery Item 17</u>

Item 17 involves statements by a different defendant in a different case now pending in the Northern District of California, involving a Chinese national associated with the Fourth Military Medical University. The government represented that it will make discovery from this case available to defendant upon the issuance of a protective order in the Northern District. ECF No. 125 at 12. The government shall honor that commitment.

      6. <u>Discovery Items 18-20</u>

Item 18 seeks an unredacted copy of the defendant's resume or curriculum vitae, which the government represents has been provided along with the rest of the contents of defendant's

(presumably seized) devices. There is accordingly nothing to order as to Item 18.

Item 19 seeks information about the techniques used by, and training of, the law enforcement personnel who translated statements from Chinese into English during the course of the investigation. The government represents that this information will be disclosed when the witness is identified for trial. The government's obligation extends no further.

Item 20 seeks outlines, contemporaneous notes, recordings, translator notes, and other documentation related to any interview of defendant. The defense is entitled to all such material, and the government represents that all extant responsive materials have been disclosed. There is accordingly nothing to compel as to this item. The government shall continue to honor its duty of ongoing disclosure.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion for Pretrial Discovery, ECF No. 117, is GRANTED IN PART AND DENIED IN PART as specified above.
2. Defendant's Motion for Bill of Particulars, ECF No. 118, is DENIED.

DATED: May 3, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE