Malcolm Segal, SBN 075481
Emily E. Doringer, SBN 208727
Nathan K. Lee, SBN 324030
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com

Thomas A. Johnson, SBN 119203
**Law Office of Thomas A. Johnson**
400 Capitol Mall, Suite 2560
Sacramento, CA 95814
Telephone: (916) 442-4022
taj@tomjohnsonlaw.com

Patrick Wong, SBN 241740
**Patrick Wong, Esq.**
145 El Camino Real
Menlo Park, CA 94025-5234
Telephone: (650) 391-5366
Facsimile: (650) 352-3562
patrick@wong.law

Attorneys for Defendant
JUAN TANG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:20-CR-00134 JAM |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS** |
| TANG JUAN, aka Juan Tang, | |
| Defendant. | Date:  TBD<br>Time:  TBD<br>Crtrm: 6, 14th Floor<br>Judge:  Hon. Judge John A. Mendez |

## I.      Introduction

Defendant Juan Tang moved to dismiss Counts One and Two of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1).  The question concerning "military service" on Dr. Tang's non-immigrant visa application Form DS-160 (and later forming the source for questioning by the interviewing agents), on which the Indictment is based, is fundamentally ambiguous and therefore may not, as a matter of law, form the basis for a fraud or false statement prosecution.  The non-immigrant visa application gives no explanation, guidance, examples, definitions, or assistance to clarify what information falls within the scope of the inquiry and what remains outside its bounds.  Varying publicly acceptable definitions of the phrase "military service," as well as foundational differences in culture, language, and phrases which inherently arise in the context of a foreign citizen applying for entry into the United States contribute to the underlying fundamental ambiguity of the application question.  Without any contextual clarification, it is impossible to arrive at a common understanding of the application question and leaves every applicant to determine its meaning.  Moreover, because the underlying questions that form the basis of the charged offenses are fundamentally ambiguous, they fail to provide adequate notice to the defendant of what conduct is prohibited, in violation of the fundamental right to due process.  Due to these deficiencies, the Indictment should be dismissed.

## II.      Argument

The government attempts to present this as an uncomplicated matter, arguing that the question about "military service" on the non-immigrant visa application is self-explanatory and that it needs no further delineation.  Opp. pg. 6:11-17.  Unsurprisingly, the government relies primarily on irrelevant facts and surmise instead of focusing on the core issue: that the various possible meanings of the phrase "military service" and the context in which the question is presented cause it to be fundamentally ambiguous.

The government's argument fails to acknowledge that the phrase is left open to multiple plausible interpretations informed either by its common meaning in the foreign applicant's country of residence, its common meaning in the United States as perceived by a foreign citizen who has limited knowledge of this country, or by the common vernacular and language of the foreign citizen in his or her home country without regard to other countries' unique cultural and language differences.  If that were not enough, the placement of the question within the non-immigrant visa application form contributes to the fundamental ambiguity of the phrase because it is cast only as a "background" question.  The other, unequivocally stated, information provided on the visa application in this instance further illustrates the ambiguity of the particular question at issue.

Stated another way, the question, containing an undefined term, leaves every applicant open to prosecution on the whim of the prosecutor, depending on the extant political climate.  Taken individually or together, the ambiguity of the question, the lack of a definition and the manner in which it is placed on the form, make it impossible to arrive at a common understanding of the term and as a result the Indictment should be dismissed.  *United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003).

**A.**     **Multiple Plausible Meanings of "Military Service" Render the Term Fundamentally Ambiguous.**

"A question is fundamentally ambiguous when 'men of ordinary intelligence' cannot arrive at a mutual understanding of its meaning."  *Culliton*, 328 F.3d at 1078. In its opposition, the government argues that the meaning of the question regarding "military service" on the non-immigrant visa application is abundantly clear, asserting that it is purposely broad and designed to encompass "serving in any military capacity."  Opp. at 6:13-17.  While this may be one potential interpretation of the phrase "military service," the government does not (and cannot) point to any language in the application to clarify that the question is intended to reach such a

broad scope; there is no qualifying language to assist an applicant in understanding the meaning attributable to the inquiry.  (The government's suggested definition itself also offers little clarity.)  Without any explanation, guidance, examples, definitions, or assistance to clarify what information the question is intended to gather, every applicant is left to interpret its meaning.  Plausible, ordinary interpretations may be influenced by, among other things, the common understanding of the phrase in the United States, the common understanding of the phrase in the foreign citizen's home country, or the language and cultural differences of the applicant.

The government, without much support, asserts that the question "have you served in the military?" is designed to capture those serving in any military capacity. But the ordinary understanding of the phrase "military service" in the United States suggests that it is reasonable to interpret it to mean more specifically armed service, or service characterized by combat, defense, or national security obligations.  The dictionary definition of "military" includes "of or relating to soldiers, arms or war" and "of or relating to armed forces," (http://www.merriam-webster.com/dictionary/military) while the United States itself generally characterizes "military service" as associated with combat, defense, and security forces. (USA.gov, Learn About the Military, https://www.usa.gov/join-military#item-214402, last visited March 30, 2021). Although true there are individuals in active-duty non-combat jobs serving in the military, they are not considered civilians, because they are classified within our military as "active duty."  But, the military also regularly employs purely civilian workers—it is unclear whether their service (while unquestionably performed in service to the military in "some capacity") constitutes "military service."  *See also*, 10 U.S.C. § 10216(a) (providing that civilian "military technicians" are "authorized and accounted for as a separate category of civilian employees").  Even within the United States, all of these circumstances support different interpretations of the term "military service." If a more specific criteria is required for people of ordinary intelligence to come to a mutual understanding of its meaning without some

clarification, then a clarification is necessary to mitigate the inherent ambiguity. *Culliton*, 328 F.3d at 1078.

The government further asserts, presumably, that Dr. Tang should understand that the phrase "military service" included more than just armed soldier services based on her own experience as an alleged member of what the government refers to as China's Civilian Cadre.  The government based this contention on a Chinese Ministry of Defense website that purportedly characterizes Civilian Cadre membership as "active duty" and evidence found on Dr. Tang's electronic media that was seized allegedly referencing military duties.  Opp. at 6:23-7:1.  Aside from the fact that there is nothing to show that Dr. Tang's duties in China as an oncology researcher included interpreting visa applications written in English or that the prosecutor's interpretation of the website – written in Chinese (and interpreted to English, using unspecified techniques) and apparently referencing a ten-year old document – is correct, that is not the applicable Constitutional standard to test ambiguity of a question.

Moreover, there are evidentiary issues concerning the Chinese website materials that render them inappropriate on which to rely.  There is no evidence that Dr. Tang was aware of this website or reviewed it and the website that the government relies on has not been updated since July 14, 2009, raising serious doubts as to the validity of its content.  Second, both the information found on the Ministry of Defense website and the evidence found on Dr. Tang's media were translated from Chinese to English without reference to how the translations were performed or the reliability of the translations (indeed, as clearly presented in the accompanying Motion to Suppress Evidence, the kind of translations apparently used by the agents in this instance are explicitly stated to be inherently unreliable when performing complex or important translations.)  As a result, the validity and credibility of the materials on which the government bases its arguments cannot be credited. / / /

Defendant's Reply to Government's Opposition to Motion to Dismiss

1   In its opposition, while the government acknowledges that cultural and

2   language differences certainly exist that may cause confusion in the meaning of the

3   military service question, it asserts that such confusion could have been mitigated by

4   Dr. Tang asking for further clarification from the consular officer.  Opp. at 7:2-9.  The

5   government misses the point.  The issue here is not how Dr. Tang understood the

6   question, but how cultural and language differences contribute to the fundamental

7   ambiguity of the question.  The lack of clarification on a form that offers more detailed

8   explanations when warranted only adds to its ambiguous nature.

9   In Chinese, two characters commonly used to represent the phrase "military

10  service" literally translate into the words "soldier service."  (Oxford Chinese

11  Dictionary, Published Aug. 8, 2009; Merriam Webster Chinese to English Dictionary).

12  Given this context, the question regarding service in the military takes on meaning

13  and increased ambiguity; without any other clarifying information, it is obvious that a

14  Chinese citizen would interpret the phrase as not including service as a civilian

15  scientist at a military affiliated hospital.

16  **B.  The Location of the Question on the Non-immigrant Visa Application**

17  **Contributes to the Fundamental Ambiguity of the Meaning of "Military**

18  **Service."**

19  The government, without doing anything more than alleging a lack of authority,

20  asserts that the placement of the military service question on the non-immigrant visa

21  application does nothing to enhance the ambiguity of the phrase.  However, the Ninth

22  Circuit has held that in determining whether a question is fundamentally ambiguous,

23  a court "must consider the context of the question and [the] answers, as well as other

24  extrinsic evidence relevant to the defendant's understanding of the questions…"

25  *Culliton*, 328 F.3d at 1079; see also *Boone*, 951 F.2d at 1534 ("In evaluating…the

26  questions ambiguity, the court must consider the context in which the question was

27  asked…")

28  / / /

1    The location of the question on the non-immigrant visa application is the type

2  of context that is clearly relevant to a defendant's understanding of the question.

3  Moreover, where terms "are susceptible to multiple and wide-ranging meanings" it is

4  not uncommon to look to its surroundings to help clarify its meaning.  See *United*

5  *States v. Williams*, 553 U.S. 285, 294 (2008) (explaining that the commonsense

6  canon of noscitur a sociis "counsels that a word is given more precise content by the

7  neighboring words with which it is associated.")

8    Here, on the non-immigrant visa application, the question that precedes the

9  military service questions asks: "Do you have any specialized skills or training,

10  including firearms, explosives, nuclear, biological, or chemical experience?"  The

11  question following the military service question asks: "Have you served in, been a

12  member of, or been involved with a paramilitary unit, vigilante unit, rebel group,

13  guerilla group, or insurgent organization?"  Both questions clearly connote "armed

14  service."  It is not unreasonable then, as the military service question is sandwiched

15  between, and therefore informed by, these two questions, that an applicant would

16  interpret the question to relate more specifically to "armed services."  (Which, as

17  noted above, is in line with common understanding of the term in the United States.)

18  Contrary to the government's unsupported argument, the location of the question in

19  the application does provide significant support for the argument that the question

20  itself is fundamentally ambiguous.

21    Beyond that, the government's opposition does not address the fact the

22  question's ambiguity is highlighted by Dr. Tang's other responses on the application

23  where she clearly identified the Forth (fourth) Military Medical University ("FMMU") as

24  an institution of higher education which she attended and Xijing Hospital of Basic

25  Medical Science in Xi'an as an employer.  The information provided regarding her

26  email and contact information also identified her as affiliated with that institution.

27  Frankly, although largely irrelevant to the issue of the ambiguity of the question, the

28  government wants it both ways.  It claims that Dr. Tang's affiliation with these

Defendant's Reply to Government's Opposition to Motion to Dismiss

institutions constitutes "membership in the military" and evidences her intent to falsely answer the question concerning military service and the falsity of Dr. Tang's verbal statements – yet she truthfully identified her civilian affiliation with those military institutions on the Form 160 in response to clear and unambiguous questions, when at the same time answering no to the ambiguous question concerning "service in the military." The only response in the opposition is that "other evidence" will demonstrate the government's case. That response ignores the fact that there should be no trial if the government's case is premised on an ambiguous application question.

**C.     The Fundamental Ambiguity of the Military Service Question Deprived Dr. Tang of Due Process Notice Required Under the Fifth Amendment.**

Again, while the statutes at issue here, 18 U.S.C. § 1546 and 18 U.S.C. § 1001, are not unconstitutionally vague on their face, they are impermissibly vague as applied to this case due to the fundamental ambiguity of the question and answers underlying the charges. As discussed, without any explanation, definition, or guidance clarifying the question regarding military service, the existence of the multiple plausible meanings makes it impossible to arrive at a mutual understanding of its meaning. *Culliton*, 328 F.3d at 1078. Without a precise meaning of the question regarding military service, Dr. Tang was deprived of adequate notice because she could not possibly know that her response would subject her to criminal liability. See *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983).

**III.     Conclusion**

The question regarding military service on the non-immigrant visa application is fundamentally ambiguous because it is susceptible to multiple plausible meanings. Left undefined, applicants must rely on their understanding of the phrase as used in the United States, their home country, and their own culture and language, to discern the meaning of the question regarding military. The location of the question within the non-immigrant visa application further exacerbates the ambiguity of the question.

-8-

Due to this fundamental ambiguity, the question regarding military service may not, as a matter of law, form the basis for this prosecution.  Moreover, the fundamental ambiguity results in a failure of adequate notice to this defendant in violation of her right to due process.  Therefore, for the reasons state above, Defendant's motion to dismiss the Indictment should be granted.

Dated: May 5, 2021                          **SEGAL & ASSOCIATES, PC**


By:    /s/ Malcolm Segal
                                            MALCOLM SEGAL
                                            EMILY E. DORINGER
                                            Counsel for Defendant

                                            **LAW OFFICE of THOMAS A. JOHNSON**


By:    /s/ Thomas A. Johnson
                                            THOMAS A. JOHNSON
                                            Counsel for Defendant

Defendant's Reply to Government's Opposition to Motion to Dismiss