PHILLIP A. TALBERT
Acting United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00134 JAM |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| TANG JUAN (aka Juan Tang), | |
| Defendant. | |

## I.     STIPULATION

It is hereby stipulated and agreed by the parties and their respective counsel, as follows:

1. Pursuant to its on-going disclosure obligations, the United States hereby makes available for review under Federal Rule of Criminal Procedure 16, discovery produced in *United States v. Wang Xin* (Northern District of California Case Number 3:20-CR-251 JD).

2. In order to be provided access to the discovery materials from the Northern District of California for *United States v. Wang Xin*, all counsel for defendant Tang, and their staffs, including any retained investigators, translators, experts, or consultants, stipulate and agree to be bound by the following terms:

3. The discovery that has been produced and is to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

/ / /

/ / /

STIPULATION AND PROTECTIVE ORDER      1

a. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

b. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

c.. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

4. To ensure that Protected Information is not subject to unauthorized disclosure or misuse, the parties stipulate that the defendant, defense counsel of record for defendant, their investigators, assistants, and employees (collectively, "the defense team") may review all discovery material produced by the government. Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense teams, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

5. The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court. This Order shall also apply to any copies made of any materials covered by this Order.

6. It is further stipulated that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further

order of this Court.  Notwithstanding the foregoing, when interviewing or speaking with a witness in the course of preparing a defense, the defense team may review discovery material (with Protected Information entirely redacted from the materials) with the witness, but only in the presence of a member of the defense team; the defense team shall not permit the witness to retain, make copies of, or have unsupervised access to any such materials. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.

7. It is further stipulated that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, and after the deadline for any 28 U.S.C. § 2255 motion has expired, the defendant and defense team shall destroy all documents and electronic media subject to this Protective Order, delete any electronic copies of such documents or electronic media, or return such documents or electronic media to the government. Notwithstanding the foregoing, defense counsel of record may retain one copy of documents or electronic media that would otherwise be subject to this Protective Order, to the extent it believes is necessary under its professional obligations, subject to the other restrictions of this Protective Order.

8. Because this discovery involves a third party criminal case, when producing discovery material regarding individuals charged in third-party criminal case(s), the government will inform the defense that such discovery relates to such third-party individual(s), and specify the Bates ranges of documents covered by such productions; and;

9. It is further stipulated that the defense team may review with the defendant all discovery material so specified as pertaining to the third-party criminal cases of *United States v. Wang Xin*, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any such discovery material unless the Protected Information has first been **entirely redacted** from the discovery materials.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.

///

IT IS SO STIPULATED.

Dated: May 12, 2021                                PHILLIP A. TALBERT
                                                   Acting United States Attorney

                                              By:  /s/ HEIKO P. COPPOLA
                                                   HEIKO P. COPPOLA
                                                   Assistant United States Attorney


                                                   /s/ MALCOLM SEGAL
                                                   MALCOLM SEGAL
                                                   Counsel for Tang Juan

                                                   /s/ THOMAS JOHNSON
                                                   THOMAS JOHNSON
                                                   Counsel for Tang Juan

                                                   /s/ PATRICK WONG
                                                   PATRICK WONG
                                                   Counsel for Tang Juan


**ORDER**

For good cause shown, the stipulation of counsel in the above-entitled case, is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 12, 2021                   /s/ DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE