1  PHILLIP A. TALBERT
   Acting United States Attorney
2  HEIKO P. COPPOLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7
                    IN THE UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,              CASE NO.  2:20-CR-00134 JAM

11                          Plaintiff,     STIPULATION AND [PROPOSED] PROTECTIVE
                                           ORDER
12                    v.

13  TANG JUAN (aka Juan Tang),

14                          Defendant.

15

16              **I.      STIPULATION**

17          It is hereby stipulated and agreed by the parties and their respective counsel, as follows:

18          1.  Pursuant to its on-going disclosure obligations, the United States hereby makes available for

19  review under Federal Rule of Criminal Procedure 16, discovery produced in United States v. Zhao

20  Kaikai (Southern District of Indiana Case No. 1:20-cr-187 JRS TAB -01).

21          2.  These discovery materials are subject to a protective order in the Southern District of Indiana.

22  A copy of this protective orders is attached as Exhibit A.

23          3.  In order to be provided access to the discovery materials from the Southern District of

24  Indiana, all counsel for defendant Tang, and their staffs, including any retained investigators, translators,

25  experts, or consultants, stipulate and agree to be bound by the terms of the protective orders contained in

26  Exhibit A.

27

28          IT IS SO STIPULATED.

STIPULATION AND PROTECTIVE ORDER              1

Dated: May 25, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney


/s/ MALCOLM SEGAL
MALCOLM SEGAL
Counsel for Tang Juan

/s/ THOMAS JOHNSON
THOMAS JOHNSON
Counsel for Tang Juan

/s/ PATRICK WONG
PATRICK WONG
Counsel for Tang Juan


## [PROPOSED] ORDER

For good cause shown, the stipulation of counsel in the above-entitled case, is approved and


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated: May 25, 2021

THE HONORABLE JEREMY PETERSON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | )Cause No. 1:20-cr-187-JRS-TAB | |
| | ) | |
| ZHAO KAIKAI, | )          -01 | |
| | ) | |
| *Defendant.* | ) | |

## **PROTECTIVE ORDER**

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with visa fraud, in violation of 18 U.S.C. § 1546(a), and making false statements to federal agents, in violation of 18 U.S.C. § 1001.  The United States has produced and will continue to produce documents and other materials pertaining to the defendant and the charged offense to defense counsel.  The United States also anticipates providing discovery pertaining to other defendants in similar matters currently pending in other federal judicial circuits.  The discovery that has been produced and is to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact

information, and taxpayer identification numbers ("Financial Information"); and

3.  Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that the defendant, defense counsel of record for defendant, their investigators, assistants, and employees (collectively, "the defense team") may review all discovery material produced by the government.  Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense teams, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court.  Notwithstanding the foregoing, when interviewing or speaking with a witness in the course of preparing a defense, the defense team may review discovery material (with Protected Information entirely redacted from the materials) with the witness, but only in the presence of a member of the defense team; the defense team shall not

permit the witness to retain, make copies of, or have unsupervised access to any such materials.

**IT IS FURTHER ORDERED** that any documents, papers, or pleadings filed with the Court that: (a) quote directly from Protected Information; (b) summarize or refer to the contents of Protected Information; or (c) attach copies of Protected Information, shall be filed under seal, unless the parties agree to the public filing of such information, or all information that would identify the subject of the document or filing has been removed or redacted, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated Protected Information in open Court without prior consideration by the Court.

IT IS FURTHER ORDERED THAT the Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

IT IS FURTHER ORDERED THAT defense counsel shall maintain all Protected Information in a secure and safe area and shall exercise the same standards of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as are exercised by the recipient with respect to his own confidential information. In addition, non-party recipients of any Protected Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Protected Information.

IT IS FURTHER ORDERED THAT, within 90 days of any final judgment in this case by the later of: i) the sentencing of defendant, ii) defendants' appeal, if any, iii) dismissal of the indictment with or without prejudice; iv) expiration of the deadline for any 28 U.S.C. § 2255 motion, or v) within 90 days of the termination of a particular defendants' counsel's representation, defendants and defendants' counsel shall return to the United State all documents

designated Protected Information and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.  Defense counsel reserves the right to petition this Court for an extension of this 90-day time period as needed. Furthermore, defense counsel may maintain work product containing Protected Information subject to the protections of this Protective Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

IT IS FURTHER ORDERED THAT the failure to specifically designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

IT IS FURTHER ORDERED THAT this Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

IT IS FURTHER ORDERED THAT, should any Protected Information be disclosed in a manner not authorized by this Protective Order by defendant, defense counsel, or a non-party retained by defendant for purposes of the litigation, then defense counsel shall use his or her best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the recipient.

The parties shall note that Rule 16(d)(2) provides sanctions for failing to comply with the Court's Order that are just under the circumstances. Both parties shall use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without

providing notice to the other party at least three business days in advance.

Nothing in this Order shall prevent any party form seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

This Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

SO ORDERED.

Date: 5/21/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to all parties of record.