UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-00134 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| TANG JUAN aka JUAN TANG, | |
| Defendant. | |

On April 9, 2021, Defendant filed a Motion to Dismiss Counts One and Two of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1). See Mot. to Dismiss ("Mot."), ECF No. 131. Defendant's motion seeks dismissal on the grounds that a question regarding military service that appears on the non-immigrant visa application Form DS-160 and was the source for questioning by FBI agents is fundamentally ambiguous. The Government opposes the motion. See Opp'n at ECF No. 138. Defendant filed a reply. See Reply, ECF No. 142.

For the reasons discussed below, the Court DENIES Defendant's Motion to Dismiss.

## I.  BACKGROUND

On October 28, 2019, Defendant, a cancer researcher and Chinese national applied for and, on November 5, 2019, was

1

granted, a non-immigrant visa to participate in a University of California, Davis cancer treatment-method research program. Mot. at 1; Opp'n at 2. As part of her non-immigrant visa application, Defendant filed a Form DS-160 with the Department of State Bureau of Consular Affairs. Mot. at 1. Form DS-160 is an online form used for authorizing temporary travel to the United States. Id. On December 27, 2019, Defendant entered the United States through the San Francisco International Airport. Opp'n at 2.

On August 6, 2020, Defendant was charged with visa fraud and making false statements to the FBI in violation of 18 U.S.C. §§ 1001 and 1546. See Indict., ECF No. 18. Count One of the indictment, which alleges visa fraud, is based upon Defendant's answer to a question on the Form DS-160 that she filed with the Department of State. Id. at 1. Under the form's Additional Work/Education/Training section, Defendant answered "no" when asked, "have you ever served in the military?" Opp'n at 2. The Government alleges Defendant's answer to this question was false. Id. Defendant's allegedly false answer prompted FBI agents to interview her on June 20, 2020, and formed the basis of a search warrant for Defendant's apartment in Davis, California. Id. at 2-3. During her interview with the FBI agents, Defendant allegedly falsely stated "that she was not a member of the Chinese military." Mot. at 1. Count Two of the indictment is based upon this statement. See Indict. at 2.

Defendant now moves for dismissal of the indictment, arguing that the military service question on the Form DS-160 is fundamentally ambiguous and, therefore, may not form the basis of a visa fraud or false statement prosecution. See generally Mot.

Defendant moves for both counts of the indictment to be dismissed as her answer to that question led directly to Count One and indirectly to Count Two. Id. Defendant further contends that charging her with false statements because of her answers to vague and ambiguous questions violates the required notions of adequate notice and due process. Id.

## II. OPINION

### A. Fundamental Ambiguity

#### 1. Legal Standard

Federal Rule of Criminal Procedure 12(b) permits any defense "which is capable of determination without the trial of the general issue" to be raised by pretrial motion. U.S. v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986). A pretrial motion is generally "capable of determination" before trial if it involves questions of law rather than fact. Id. However, a district court may make preliminary findings of fact necessary to decide the questions of law so long as the court's findings do not "invade the province of the ultimate finder of fact." Id. (internal quotation marks and citation omitted).

As a matter of law, a defendant may not be held criminally liable in a perjury or false statement prosecution based upon a response to a "fundamentally ambiguous" question. U.S. v. Culliton, 328 F.3d 1074, 1078 (9th Cir. 2003) (internal quotation marks and citation omitted). But "the existence of some ambiguity in a falsely answered question will not shield the [defendant] from a perjury or false statement prosecution." Id. The Ninth Circuit "has not had the occasion to consider the

effect of fundamental ambiguity in the specific context of providing false statements to a federal agency in violation of 18 U.S.C. § 1001," but it has addressed ambiguity in other analogous criminal contexts. Id. There, the Ninth Circuit held that, "[a] question is fundamentally ambiguous when [people] of ordinary intelligence cannot arrive at a mutual understanding of its meaning." Id. (internal quotation marks and citation omitted). Further, a question is not fundamentally ambiguous "simply because the questioner and respondent might have different interpretations." Id. at 1079. Instead, courts must consider the context of the question and the defendant's answer. Culliton, 328 F.3d at 1079. Extrinsic evidence relevant to the defendant's understanding of the question posed must also be considered. Id.

If a question is deemed fundamentally ambiguous, "a court may decide as a matter of law to dismiss an indictment so long as the defendant offers an innocent explanation for his testimony." Id. at 1080. Absent fundamental ambiguity, "it is for the jury to decide [] which construction the defendant placed on a question." Id. at 1078.

2. Analysis

Defendant presents several arguments—some more compelling than others—in support of her contention that the military service question on the Form DS-160 is fundamentally ambiguous. See Mot. at 4-10. Each is discussed in turn, beginning with the arguments that are specific to Defendant and, therefore, most relevant to the Court's inquiry. Defendant argues her responses to other questions on the Form DS-160, linguistical differences

4

between Chinese and English, and the military service question's location within the Form DS-160 underscore the question's fundamental ambiguity. See Mot. at 7, 9-10.

Just before the section on Additional Work/Education/Training Information (where the military service question resides) is a section titled Previous Work/Education/Training Information where the applicant is asked to list employment information for the last five years and any educational institutions attended that are at a secondary level or above. See Online Form DS-160 at 48, Ex. 1 to Mot., ECF No. 131-1. In that section, Defendant identified the Fourth Military Medical University ("FMMU"; also known as the Air Force Military Medical University, "AFMMU") as an institution of higher education that she attended and Xijing Hospital of Basic Medical Science in Xi'an, an affiliate of FMMU, as an employer. The Government alleges that Defendant's affiliation with these institutions is evidence of her membership in the military and, therefore, also evidence of her intent to falsely answer the military service question and, later, respond falsely to the verbal questioning. Opp'n at 2; see also Affidavit in Support of Search Warrant ¶¶ 11, 17, ECF No. 129-2.

Defendant argues that her truthful answers to these other questions evinces the fundamental ambiguity of the military service question. Mot. at 10. Put differently: Defendant must have misunderstood the military service question because she would not have intentionally lied there while truthfully listing her military affiliations in the employment and education section of the Form DS-160. The Court agrees that doing so makes little

5

sense. However, the question is not fundamentally ambiguous simply because Defendant misinterpreted it. See Culliton, 328 F.3d at 1079 (a question is not fundamentally ambiguous where the questioner and respondent simply have a different understanding of what was asked). Some degree of ambiguity is not fundamental ambiguity.

Defendant also argues the question is fundamentally ambiguous because "military service" translates to "soldiers service" in Chinese. Mot. at 7. Absent any other clarifying information, it is not clear that "soldiers service" would include service as a civilian scientist at a military-affiliated hospital. Id. In addition, Defendant contends that the question's location under the category of Additional Work/Education/Training Information, as opposed to Security/Background, makes it more easily misunderstood. Mot. at 10. Notably, just before the military service question, the applicant is asked: "Do you have any specialized skills or training, including firearms, explosives, nuclear, biological, or chemical experience?" See Online Form DS-160 at 49. Just after the military service question, the applicant is asked: "Have you ever served in, been a member of, or been involved with a paramilitary unit, vigilante unit, rebel group, guerilla group, or insurgent organization?" Id. Defendant argues that, when the military service question is considered in context and in Chinese, it connotes armed service, not civilian service as a cancer researcher.

Finally, Defendant asserts the military service question is fundamentally ambiguous because the term "military service" is

6

left undefined, leaving it open to multiple plausible interpretations; there are multiple plausible meanings of "military service" depending on the context, colloquial use, or definitional understanding; and the Ninth Circuit's struggle to define "military service" in the context of immigration naturalization regulations is evidence of this. See Mot. at 4-7, 8-9. Defendant cites Gallarde v. I.N.S., 486 F.3d 1136 (9th Ci. 2007) in support of this last argument. However, Gallarde focuses on statutory construction and deals with the different immigration consequences of compulsory and voluntary military service under the Immigration and Nationality Act. The Court finds it inapposite here.

By contrast, several of Defendant's above-described arguments are cogent. However, at best, they lead to a conclusion that Defendant may have misunderstood the military service question. They do not, however, persuade the Court that people of ordinary intelligence could not arrive at a mutual understanding of its meaning. See Culliton, 328 F.3d at 1079. "Have you ever served in the military?" is a straightforward question. Given her native language and the question's location within the Form DS-160, Defendant might not have understood it to encompass her civilian service for the Chinese military. Her truthful answers to other questions on the form suggest as much. But the existence of some ambiguity in a falsely answered question will not shield the respondent from prosecution as a matter of law. Id. at 1078. Unless and until the ambiguity rises to the level of fundamental ambiguity (it does not here), "[i]t is for the jury to decide [] which construction the

defendant placed on a question." Id.

    B.    Due Process

        1.    Legal Standard

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." This guarantee is infringed upon when the Government brings charges against someone pursuant to a vague application of a criminal statute. Kolender v. Lawson, 461 U.S. 352, 357-58 (1983). An overly vague application of a criminal statute fails to give ordinary people fair notice of what conduct is punishable and is so standardless that it invites arbitrary enforcement. Id. That criminal statutes not be vague "is a well-recognized requirement, consonant alike with ordinary notions of fair play and settled rules of law," and a statute that disregards this requirement "violates the first essential of due process of law." Connally v. General Const. Co., 269 U.S. 385, 391 (1926).

        2.    Analysis

Defendant argues that, although 18 U.S.C. §§ 1001 and 1546 are not unconstitutionally vague on their face, "they are impermissibly vague as applied to this case due to the fundamental ambiguity of the questions and answers underlying the charges." Mot. at 11. The Court does not find the military service question to be fundamentally ambiguous, thus, Defendant was not deprived of adequate notice. Moreover, at the conclusion of the Form DS-160, Defendant was notified that her application was signed under penalty of perjury and that any false or misleading information in it could subject her to criminal

prosecution.  <u>See</u> Online Form DS-160 at 91.  Accordingly, Defendant's due process rights have not been violated.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: May 28, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE