UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TANG JUAN aka JUAN TANG,<br><br>    Defendant. | No. 2:20-cr-00134 JAM<br><br>**ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION** |

On June 11, 2021, the Government filed a Motion for Reconsideration of the Court's Order granting Defendant's motion to suppress and dismissing Count 2 of the Superseding Indictment at ECF No. 157. See Mot. for Reconsideration ("Mot."), ECF No. 162. The Government seeks reversal of the prior Order on the grounds that Defendant's statements were false and the basis for a criminal charge and thus not protected by the Fifth Amendment or Miranda v. Arizona, 384 U.S. 436 (1966)("Miranda"). See generally Mot. Defendant filed an opposition. See Opp'n, ECF No. 166. The Government replied. See Reply, ECF No. 169.

For the reasons discussed below, the Court DENIES the Government's Motion.

I.   BACKGROUND

The parties are familiar with the factual background of this case—it is set forth extensively in the parties' briefings and the Court's prior Order. See Order Granting Mot. to Suppress at 2-5. The Court therefore does not restate it here.

On April 9, 2021, Tang filed a motion to suppress statements she made to the FBI on June 20, 2020. See ECF No. 130. On June 1, 2021, following oral argument, the Court granted Defendant's motion to suppress and dismissed Count Two of the Superseding Indictment. See ECF No. 157. The Government conducted a "post-ruling assessment" and "discovered additional case authority from the Ninth Circuit and elsewhere holding that where a false statement constitutes the criminal act charged, those statements are not subject to the Miranda exclusionary rule." Mot. at 7.

II.   OPINION

A.   Legal Standard

"Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has 'approved of the judicial economy' of motions for reconsideration in the appropriate circumstances." U.S. v. Davis, No. 2:98-cr-00114-KJM, 2021 WL 1122574 at *1 (E.D. Cal. March 24, 2021) (citing to U.S. v. Rabb, 752 F.2d 1320, 1322 (9th. Cir. 1984)).  "No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." Id. (internal citations and quotation marks omitted).  Instead, it is a "matter of discretion." Id.

The local rules, however, do impose requirements on motions for reconsideration in criminal cases. See E.D. Cal. L.R. 430.1(i). Among other things, a motion for reconsideration must identify what "new or different facts or circumstances" support the motion "or what other grounds exist for the motion." Id. 430.1(i)(3). "As is true of motions for reconsideration in civil cases, motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." Davis, 2021 WL 1122574 at *2 (citing to Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California, 649 F.Supp.2d 1063, 1069 (E.D. Cal. 2009)).

B. Analysis

The parties first dispute whether the Government's Motion is procedurally proper. Opp'n at 6-7; Reply at 2-3. The Government insists that it is proper under Local Rule 430.1(i)(3), identifying the grounds for the Motion as "the presentment of Ninth Circuit and other precedent affirmatively rebutting the argument that false statements that are the basis of a criminal charge can be suppressed based on a Miranda violation." Reply at 2. According to the Government, the Court therefore has the "inherent authority and discretion" to consider its Motion. Id. at 3.

Even so, the Government has not demonstrated the exercise of such discretion is warranted here. First, the Government "fails to raise any new authority or arguments that were not available to the Government at the time the underlying motion was briefed and argued." Opp'n at 13. It bears repeating that "motions for

reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised." Davis, 2021 WL 1122574 at *2 (emphasis added). Here, none of the cases cited by the Government were decided after this Court issued its suppression order. See generally Mot. The Government therefore clearly had the opportunity both in its opposition brief and in oral argument to raise the legal theory it now advances and the caselaw upon which that theory rests. It failed to do so. That the Government discovered this caselaw for the first time in its "post-ruling assessment" is of no import. Mot. at 7.

In short, the time to raise this legal theory and supporting caselaw was in briefing or oral argument for the motion to suppress. That time passed. This Court will not permit the Government a second bite at the apple.

Next, turning to the substance of the Motion, the Government contends false statements which themselves constitute the criminal act charged are not subject to the Miranda exclusionary rule. Mot. at 8-11. In support, the Government relies principally on U.S. v. Mitchell, 812 F.2d 1250 (9th Cir. 1987) (overruled on other grounds). In Mitchell, Secret Service agents detained the defendant at the Honolulu International Airport. Id. at 1252. While detained, the defendant made threats against President Reagan. Id. The defendant was charged with violation of 18 U.S.C. § 871 for knowingly and willfully threatening the life of the President. Id. The district court denied the motion to suppress these statements. Id. at 1253. On appeal, defendant argued that his threats against the President were the product of

4

an illegal arrest and should be suppressed pursuant to the Fourth Amendment exclusionary rule. Id. The Ninth Circuit rejected this argument, reasoning that even if Mitchell's arrest were illegal "a person who is detained illegally is not immunized from prosecution for crimes committed during his detention." Id.

As Defendant points out, however, Mitchell is distinguishable because it is not a Fifth Amendment or Miranda case; rather, it concerned an unlawful detention in violation of the Fourth Amendment and the admissibility of allegedly criminal threats made against the President during that detention. Opp'n at 9. The Government nevertheless asks the Court to extend the logic of Mitchell to the facts here, directing the Court to a handful of out-of-circuit and/or non-binding decisions in support of its position. Mot. at 8-9 (citing to U.S. v. Copeland, 291 Fed. Appx. 94, 96 (9th Cir. 2008) (unpublished disposition); U.S. v. Gardner, 993 F.Supp.2d 1294, 1307 (D. Or. 2014); and U.S. v. Melancon, 662 F.3d 708, 712 (5th Cir. 2011)).

None of these cases support such an extension. First, Copeland is an unpublished, non-precedential disposition that relied on Mitchell, which to repeat is a Fourth Amendment unlawful detention case not a Miranda custodial interrogation case. See 291 Fed. Appx. at 96. Second, Gardner, an out-of-district opinion, is distinguishable as that case involved a violation of the Victim and Witness Protection Act, 18 U.S.C. § 1512, not a violation of 18 U.S.C. § 1001; and defendant there had been advised of and voluntarily waived her Miranda rights whereas here Defendant was not provided with Miranda warnings. See 993 F.Supp.2d at 1297-1298. Finally, Melancon, an out-of-

circuit opinion, is likewise factually distinguishable because it concerned a defendant found <u>not</u> to be in custody, whereas here Defendant was found to be in custody. See 662 F.3d at 711-12 (affirming the district court's denial of defendant's suppression motion given that defendant was not in custody).

The Government did not specifically respond to Defendant's arguments regarding the distinctions between the present case and <u>Mitchell</u>, <u>Copeland</u>, <u>Gardner</u>, and <u>Melancon</u>. See Reply. Instead, the Government repeats what it contends is the "underlying principle" of those cases, the principle that "where a false statement constitutes the criminal act charged, those statements are not subject to the <u>Miranda</u> exclusionary rule." Reply at 4. This general principle – without any binding caselaw applying it to similar factual circumstances - is insufficient to persuade the Court to reconsider its prior ruling.

Lastly, Defendant contends the Government's theory is contradicted by <u>Miranda</u> itself, <u>U.S. v. Chen</u>, 439 F.3d 1037 (9th Cir. 2006), and <u>U.S. v. Williams</u>, 435 F.3d 1148 (9th Cir. 2006). Opp'n at 7-9, 11-12. Beginning with <u>Miranda</u>, Defendant argues the plain language of the decision "simply leaves no room for the exception the Government now seeks, enabling it to wrest control back from the Constitution by the simple expedient of saying the defendant lied to the agents during an unconstitutional interrogation." Opp'n at 8-9. The Court agrees. In <u>Miranda</u>, the Supreme Court clearly mandated that: "The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the

6

privilege against self-incrimination." 384 U.S. at 444.  The
Court noted that this is a prerequisite "to the admissibility of
any statement made by a defendant . . . [as] the privilege
against self-incrimination protects the individual from being
compelled to incriminate himself in any manner; it does not
distinguish degrees of incrimination." Id. at 476 (emphasis
added).

As to Chen, the defendant there was charged with perjury in
violation of 18 U.S.C. § 1621 and making false statements in an
immigration application, a violation of 18 U.S.C. § 1001.  See
439 F.3d at 1039.  The district court suppressed statements
defendant made during an INS interview finding a custodial
interrogation had occurred and the defendant was not given
Miranda advisements.  Id. at 1039-1040.  The Ninth Circuit
affirmed.  Id. at 1037.  However, as the Government emphasizes,
the Ninth Circuit did not address the specific issue of whether
false statements serving as the basis for a separate criminal
charge may be suppressed.  Reply at 4.  From the absence of
discussion of this issue, Defendant asks the Court to infer "the
alleged falsity of Chen's statements was irrelevant to the
analysis and did not bar their suppression."  Opp'n at 11.  The
Court refuses to so infer.

Similarly, in Williams, the Ninth Circuit did not take up
the specific issue of whether the exclusionary rule applies to
false statements that themselves constitute a crime.  See 435
F.3d 1148; see also Reply at 4.  In that case, defendant was
charged among other things with making false statements to
Diplomatic Security Service ("DSS") agents in violation of 18

7

U.S.C. § 1001. 435 F.3d at 1151. The DSS agents initially interviewed the defendant without providing Miranda warnings, he orally confessed, was then Mirandized, and then confessed again in writing. Id. The district court suppressed the defendant's oral confession but denied suppression for the written confession. Id. The Ninth Circuit focused on whether the federal agents' tactics constituted a deliberate two-step interrogation to circumvent Miranda, not the alleged falsity of the defendant's oral statements. Id. at 1151-1163. The Court therefore agrees with the Government that Williams is distinguishable as a "two-step case" that has little bearing here because the Ninth Circuit did not address the falsity of the defendant's statements in its analysis. See Reply at 4.

Still, Miranda itself runs counter to the Government's theory, the Government did not bring forward any clearly controlling caselaw warranting reversal of the prior Order, and the Government's presentment of this new theory is untimely.

### III. ORDER

For these reasons, the Court DENIES the Government's Motion for Reconsideration.

IT IS SO ORDERED.

Dated: July 9, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE