PHILLIP A. TALBERT
Acting United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00134 JAM |
|---|---|
| Plaintiff, | AMENDED DECLARATION OF COUNSEL |
| v. | |
| TANG JUAN (a.k.a. Juan Tang), | |
| Defendant. | |

**AMENDED DECLARATION OF COUNSEL**

1. I am an Assistant U.S. Attorney assigned to this matter and counsel of record for the government. I make this declaration in support of Government's application to shorten the time for hearing on its motion to compel expert witness disclosure that was filed on July 15, 2021. Trial in this matter is currently set for July 26, 2021. The defendant faces a single charge of visa fraud in violation of 18 U.S.C. § 1546(a).

2. On or about November 12, 2020, the defendant requested discovery from the government, which included a request for disclosure as to its expert witnesses. This request was later the subject of a motion to compel discovery by the defense; however, because the United States had not identified a particular expert at the time of argument, the Court did not compel expert witness discovery at that time. The government has since provided the defense with notice of its proposed expert testimony, including the witness's qualifications and proposed opinions, where applicable.

3. In its discovery production letters to the defendant from the inception of this case, the government has requested all discovery from the defendant that it was entitled to under Rule 16.  On June 25, 2021, the defense provided the government with the resumes of two Chinese linguists.  After receiving no additional information about the opinions the linguists might offer at trial, or the bases of such opinions, the government wrote to the defense on July 12, 2021, demanding the defense disclose the proposed witnesses' opinions, the bases and reasons for these opinions, and the witness's qualifications.

4. On July 13, 2021, the defense sent the government a letter indicating that one of those linguists, Dr. Cornelius Kulber, would testify as an expert "in the Chinese language" and the "field of linguistics."  The letter briefly described his professional background.  The letter also vaguely stated that he would testify regarding the meaning of words in Chinese and English, as well as translations of English to Mandarin Chinese, including an "analysis of various translations from English to Mandarin Chinese and/or Mandarin Chinese to English as it relates to understanding the materials and evidence at issue in this case."  It further provided that his testimony would "focus on the meanings and potential translated meanings of words and phrases contained on the J-1 NV application form, in both English and Chinese, including the English phrase:  'Have you ever served in the military' and the 'translation provided on the on-line form," and that his testimony would "address the relevant context, potential meanings, interpretations and translations in English and Chinese with respect to the question as it appears on the application form and forms the basis for the charge underlying Count 1."

5. On July 14, 2021, the government wrote to the defense and pointed out that this information still failed to identify the proposed opinion or the bases and reasons therefor.  Accordingly, the government filed its motion to compel on July 15, 2021.

6. On July 15, 2021, the government sought a stipulation from defense counsel shortening time and agreeing to an expedited briefing schedule.  Defense counsel declined to so

stipulate, indicating that they believed the appropriate mechanism to resolve the issue was through motions in limine which would be heard on the first day of trial, and as an untimely and unnecessary burden on the Court and the defense.

7. In this case, the trial is set to begin in less than two weeks and the defense still has not disclosed in writing the opinion of its proposed expert or the bases therefor. This puts the government at a serious disadvantage because there will be no time for it to retain its own expert to review the defense's report proposed testimony and prepare a potential rebuttal report.

8. The United States cannot wait until the day of trial for a ruling on an anticipated motion in limine concerning this issue. The jury venire will have already been summoned, and possibly selected, making a continuance motion very unlikely and impracticable remedy.

8. To that end, the government requests that this Court place this matter on its regular duty calendar on July 21, 2021 for hearing on this matter.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

                                   ___/s/ Heiko P. Coppola_____
                                   HEIKO P. COPPOLA
                                   Assistant U.S. Attorney