|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE No. CR 2:20-CR-0134 JAM |
|  | ) |  |
| Plaintiff, | ) | PROTECTIVE |
|  | ) | ORDER PURSUANT TO SECTION |
| v. | ) | 4 OF THE CLASSIFIED |
|  | ) | INFORMATION PROCEDURES |
| TANG JUAN, | ) | ACT AND FEDERAL RULE OF |
| a/k/a JUAN TANG, | ) | CRIMINAL PROCEDURE 16(d)(1) |
|  | ) |  |
| Defendant. | ) |  |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## ORDER

The Court, having carefully considered the Government's Third *Ex Parte, In Camera*, Under Seal Motion for an Order Pursuant to Section 4 of the Classified Procedures Act and Federal Rule of Criminal Procedure 16(d)(1), and Memorandum of Points and Authorities in Support Thereof (collectively, "Motion"), and the Exhibits filed therewith, hereby **GRANTS** the Government's Motion in its entirety.

The Court finds that the Government's Motion was properly filed *ex parte, in camera*, for this Court's review, pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte, in camera* review of the Government's classified Motion and Exhibits.

On the basis of the Court's review of the arguments set forth in the Government's Motion and the classified declarations, the Court finds that the classified information referenced in the Government's Motion implicates the Government's classified information privilege because the information is properly classified and its disclosure could cause serious and exceptionally grave damage to the national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *United States v. Roviaro,* 353 U.S. 53 (1957), and *United States v. Yunis,* 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the government must disclose in discovery classified information where, as here, the government has properly invoked the classified information privilege. *See also United States v. Sarkissian,* 841 F.2d 959 (9th Cir. 1988). To this end, the Court finds that in applying the *Roviaro/Yunis* standard, none of the classified information referenced in the Government's Motion is relevant and helpful to the defense. The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland, Giglio v. United States,* and their progeny.

Accordingly, IT IS ORDERED that the Government is authorized to withhold the specified classified information outlined above from discovery to defendant.

IT IS FURTHER ORDERED that the Government's Third Motion, the accompanying Exhibits, and the classified *ex parte* Order shall not be disclosed to defendant, and shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

IT IS SO ORDERED, on this 19th day of July, 2021.

_____
JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA