PHILLIP A. TALBERT
Acting United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

DAVID LIM
Trial Attorney
U.S. Department of Justice
National Security Division
Washington, DC

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>    v.<br><br>TANG JUAN,<br>   (a.k.a. Juan Tang,<br><br>                       Defendant. | CASE NO. 2:20-CR-134 JAM<br><br>GOVERNMENT'S RESPONSE TO REQUEST FOR SANCTIONS IN DEFENDANT'S TRIAL BRIEF |

On July 19, 2021, the defendant filed her trial brief, in which she suggested – but did not specifically move for – sanctions, including dismissal of the indictment, based on the government's disclosure of documents that are allegedly subject to *Brady v. Maryland*, 373 U.S. 83 (1963). To the extent the Court construes the defendant's trial brief as a motion for sanctions including dismissal, the government respectfully submits this response. Because the defendant did not file a formal motion, and because the relevant portion of her trial brief contains no legal authorities related to dismissal, the government requests the opportunity to file more fulsome briefing with supporting documents should such filing become necessary.

///

1

## I. ARGUMENT

### A. Defendant's Rule 12(b) Motion is a Purely Legal Question Unaffected by the Government's Disclosure of the Analysts' Documents.

The defendant's primary allegation in the trial brief appears to be that the government deliberately delayed production of draft documents by FBI analysts referred to as Exhibits A and B in defendant's trial brief, which she characterizes as material subject to *Brady v. Maryland*, 373 U.S. 83 (1963).[1] *See* ECF No. 195.

As a threshold matter, the draft documents themselves constitute inadmissible hearsay. They are preliminary in nature, misapprehend certain facts, contain multiple layers of hearsay and inadmissible opinions, and in some instances refer to information that is cumulative of what has been previously disclosed to the defense.[2] *See* Exhibit 1 (Field 302) and Exhibit 2 (Yeon-Vogelheim 302). As such, they do not squarely fall within the ambit of *Brady*. *See United States v. Kennedy*, 890 F.2d 1056, 1059 (9th Cir. 1989) (noting that to be material under *Brady*, undisclosed information or evidence acquired through that information must be admissible); *United States v. Sarno*, 73 F.3d 1470, 1505 (9th Cir.

---

[1] The government contests the allegations of deliberate delay or suppression. The documents referred to by the defendant as "Exhibits A and B" in her trial brief are draft documents created by FBI intelligence analysts who were not part of the investigative team. *See* Exhibit 1 (Field 302) and Exhibit 2 (Yeon-Vogelheim 302). As soon as the attorneys of record became aware of these documents, they immediately began to investigate and attempt to understand the genesis of these preliminary, unapproved draft documents. *See generally United States v. Agurs*, 427 U.S. 97, 109 n.16 (1976) (noting that the prosecution need not disclose "preliminary, challenged, or speculative information"). After determining that they were indeed preliminary, incomplete, unapproved and unadopted draft documents containing misapprehensions about the facts of this case and related cases, the attorneys in this case nonetheless undertook diligent efforts to determine how these documents could be produced to the defense in an expeditious and responsible manner pursuant to the DOJ's expansive discovery policy. *See* JM 9-5.001 (policy exceeding constitutional obligations). This effort proved extremely challenging as the documents drew on and contained classified information that prevented immediate disclosure. Consequently, the efforts had to be coordinated through attorneys with the Department of Justice's Counterintelligence and Export Control Section with certain members of the U.S. Intelligence Community ("USIC"). The analysts who drafted the documents were interviewed so that explanatory reports could accompany the disclosures, which standing alone lack context, including the fact that they were preliminary, incomplete, unapproved, and unadopted drafts. *See* Exhibits 1 and 2. The government was finally able to produce these documents and the analysts' interview statements to the defense on July 7, 2021. The government produced an additional set of some of the draft documents on July 16, 2021,which disclosed additional information that was redacted in the prior set of produced documents.

[2] The government previously made available to the defense discovery from another district's case which contained information about the experts believed to be cited in the disclosed documents. The government recently provided additional, related discovery in a timely fashion.

2

1995) (holding that non-disclosure of a witness's opinion that lacked proper foundation did not violate *Brady* because it was inadmissible under Rule 701); *United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2011) (noting that newly-disclosed information also has to be more than "merely cumulative" to be material under *Brady/Giglio*).

Even assuming that the documents constitute *Brady*, the defendant cannot, as a matter of law, show that the timing of the disclosures undermined her ability to prevail on her Rule 12(b) motion, let alone that the case should now be dismissed. The defendant's Rule 12(b) motion argued that the indictment should be dismissed because the question, "have you served in the military," on the Non-Immigrant Visa application is fundamentally ambiguous. As this Court previously ruled, there is no fatal or fundamental ambiguity in the visa fraud question, and it is for the jury to decide "which construction the defendant placed on the question." ECF 154 (citing *United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003)). The fact that the disclosed documents apparently parrot others' inadmissible hearsay opinions about the Chinese military and the visa application has no bearing on the defendant's own state of mind at the time of the alleged crime in this case. That is a question for the jury to decide. Indeed, no amount of evidence or expert opinion testimony appended to defendant's Rule 12(b) motion would change the fact that it is the jury – and not the Court – that must decide what construction the defendant gave to the question at issue in this case. *See United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993); *United States v. Phillips*, 367 F.3d 846, 855 n.25 (9th Cir. 2004). To grant the Rule 12(b) motion either when it was filed or now would usurp the role of the jury. Accordingly, the defendant's *Brady* claims with respect to the Rule 12(b) motion fail as a matter of law.

### B. The Timing of the Disclosures Is Not Otherwise Prejudicial.

The defendant also appears to assert that she will attempt to use the disclosed documents at trial to bolster her defense theory, either through cross-examination of the government's witnesses or otherwise. However, even assuming the documents constitute *Brady* material, she fails to allege how the timing of their disclosure has prejudiced her ability to use them in the way she proposes.

Disclosure of *Brady* material must "be made at a time when disclosure would be of value to the accused." *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir.1988) (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir.1985)). Due process only requires that the material be

3

disclosed at a time when the defendant may still make effective use of it. *See United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011).

Here, assuming the Court would overrule the government's objection to the admissibility of the documents and their contents, disclosure more than two weeks prior to trial is sufficient time to make use of them and defendant has not alleged otherwise. *See id.* at 813 (finding no *Brady* violation where notes of interview were turned over during trial but while cross-examination was ongoing); *United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir.1995) (impeaching evidence disclosed during trial was still valuable because the defense could use it on cross-examination).

There is no basis for finding a *Brady* violation in this scenario and sanctions are thus inappropriate.

C. **Defendant Has Failed to Establish that Sanctions Are Appropriate.**

The defendant has failed to establish any sanctionable conduct, let alone that dismissal is justified. "Dismissal of an indictment with prejudice is the most severe sanction possible." *United States v. Isgro*, 974 F.2d 1091, 1096 (9th Cir. 1992). "Because it is a drastic step, dismissing an indictment is a disfavored remedy." *United States v. Rogers*, 751 F.2d 1074, 1076–77 (9th Cir.1985). Indeed, dismissal is appropriate only as a last resort, where no other remedy would cure prejudice against a defendant. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988) (holding that district court had no authority to dismiss where lesser remedy was available related to errors in grand jury proceedings). To justify dismissal of an indictment under *Brady*, Government conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir.1991). Even though the Ninth Circuit has recognized that dismissal with prejudice may be an appropriate remedy for a *Brady* or *Giglio* violation using a court's supervisory powers, it requires that the defendant establish prejudice and that the prosecutorial misconduct is flagrant. *United States v. Struckman*, 611 F.3d 560, 577 (9th Cir. 2010).

To the extent the defendant can establish that her ability to use the disclosed information to prepare for trial has been substantially prejudiced, she must still show that no lesser remedial action is available. *United States v. Chapman,* 524 F.3d 1073, 1087 (9th Cir. 2008). Here, even assuming that violations occurred, the Court could remedy them by allowing her to renew her Rule 12(b) motion using

4

the disclosed documents as exhibits, or it could grant a brief continuance to allow her more time to use the disclosures in her preparation for trial. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir.2002) (holding that "[d]elayed disclosure of evidence does not in and of itself constitute a Brady violation" and "continuance is the proper remedy for delayed disclosure of Brady material"); *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (continuance is preferable to motion to dismiss as remedy for late disclosure). *Cf. also United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (upholding continuance granted over defendant's objection in light of, among other things, voluminous discovery); *United States v. Dota*, 33 F.3d 1179, 1183-84 (9th Cir. 1994) (upholding continuance granted over defendant's objection where, although the case was not "complex," "preparation of the factual record was unusually complicated and required additional time").

If the Court determines that defendant has been prejudiced in her ability to prepare for trial, a brief continuance is the appropriate remedy. Dismissal is not justified on the law or the facts.

### D. **The Other Requested Remedies.**

In addition to dismissal, the defendant also appears to request an "evidentiary sanction which will enable the defense to make use of the information" at trial. ECF 195, at 9:7-10.

With this request, the defendant appears to concede the inadmissibility of the documents and their contents. The defendant cites no case law allowing for the suspension of the Federal Rules of Evidence as an appropriate sanction for an alleged discovery violation. Because the Federal Rules of Evidence govern the admission of evidence at trial, the Court should exclude these documents and any testimony regarding them as irrelevant hearsay, and as unduly prejudicial under Rule 403 given the risk that testimony regarding their contents will confuse the jury with mini-trials over the inaccuracies and layers of hearsay contained therein.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II. CONCLUSION

The defendant has failed to establish any sanctionable conduct, or that dismissal or any other sanction is appropriate for the government's timely disclosure of the documents at issue. If the Court ultimately determines that the defendant has been prejudiced in her ability to prepare for trial, it should order a brief continuance as the appropriate remedy.

Dated: July 21, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ Heiko P. Coppola
HEIKO P. COPPOLA
Assistant United States Attorney